## McMULLEN v. SQUIER, Warden.
### No. 10642.

Circuit Court of Appeals, Ninth Circuit.
Aug. 12, 1944.

704

Thomas McMullen, in pro. per., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Guy A. B. Dovell, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before STEPHENS and HEALY, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

This was a petition for a writ of habeas corpus. An order to show cause was issued and the appellant had a hearing in open court before the Honorable Charles H. Leavy who denied the petition and dismissed the action. It appears from the record that McMullen, and one Coffelt, were traveling in an automobile which had posted therein application for registration in the name of Sylvia Putnam, the former name of McMullen's wife. At Blythe, California, where they had crossed the state line from Arizona, McMullen and Coffelt were held for investigation of this registration. A colt revolver and a 12-gauge Browning automatic shotgun were found. McMullen was, thereupon, in the Southern District of California, indicted on a charge of possession of an unregistered sawed-off shotgun in Count 1, and in Counts 2 and 3, with transportation and receipt of firearms in interstate commerce. It was further alleged that McMullen had previously been convicted of a crime of violence. On April 17, 1939, in open court, McMullen appearing with counsel, waived his right to trial by jury. On April 27, 1939, a written stipulation was entered into signed by Russell K. Lambeau, Assistant United States Attorney in the name of Ben Harrison, United States Attorney and by Bertram H. Ross, counsel for McMullen, wherein it was agreed that the deposition of Coffelt, who was at that time confined in the Nebraska State Penitentiary, could be taken. Then follows the provision:

"It is further stipulated and agreed that said deposition may be read into evidence at the trial of the above-entitled cause provided, however, that said trial is had before the Court without a jury; it being further stipulated that all legal objections are saved except as to the form of the questions."

It was further stipulated therein that the defendant was convicted in 1926 of a felony, namely, second degree burglary, and of two other felonies for each of which he received a penitentiary sentence.

The appellant was tried before a court sitting without a jury. The deposition of Coffelt was not introduced because Coffelt refused to answer any questions. Continuance, requested on the ground that this deposition had not been obtained, was refused. After hearing the evidence, the trial judge found McMullen guilty on all three counts and sentenced him to five years imprisonment on each count, Counts 2 and 3 to run concurrently with each other and consecutively to Count 1.

McMullen now claims to have completed his term of service on Count 1, less an allowance for good time, and petitioned for habeas corpus in order to test the legality of his confinement on Counts 2 and 3.

 At the hearing accorded him in open court on the writ of habeas corpus, appellant testified that he was induced by trade and promises, and coerced by the United States Attorney, to give up his right to trial by jury. The basis of this claim is his testimony that he traded his right of jury trial for the permission to take the deposition of Coffelt. The able judge who heard his testimony, properly did not regard this claim. The record clearly shows that ten days prior to the signing of the document relating to Coffelt's deposition, McMullen, in open court and with advice of counsel, had already waived the right to trial by jury. This declaration of coercion is obviously an afterthought based upon the peculiar language of the stipulation, above quoted, relating to the deposition of Coffelt. This is a typical claim, without substance, met with habitually in habeas corpus cases dealing with hardened offenders with criminal records who balk not at perjury as to absent officials in order to convince a judge, who is alert to protect against the invasion of constitutional rights, that forfeited liberty should be restored. The court committed no error in not giving credence to this claim.

 The presumption created by 15 U.S.C.A. § 902(f) that firearms found in possession of one who has been convicted of a crime of violence have been transported or received in violation of the Act, is void. Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519; United States v. Delia, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519. But McMullen was convicted

of the crime described by 15 U.S.C.A. § 902(e), which reads:

"It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition."

Since 15 U.S.C.A. § 908 provides that if any section or subsection of the Act is declared unconstitutional, the remaining portions shall remain in full force and effect, the fact that the one subsection thereof which created this presumption has been declared invalid has no effect upon the other portions. No use was made of the presumption in the criminal trial of this defendant. From a review of the record, there was sufficient evidence upon which the trier of the facts could have found that defendant had transported firearms in interstate commerce across the boundary between the states of Arizona and California. The trial judge could also have found that defendant had previously been convicted of a crime of violence. Burglary is so defined by the federal statute. 15 U.S.C.A. § 901(6). By the stipulation, the trial court was informed that "second degree burglary" was a felony in the jurisdiction where the previous conviction was had. There was thus no error in the conclusion that second degree burglary was a crime of violence.

■ The defendant was also convicted of having received firearms transported in interstate commerce pursuant to 15 U.S.C.A. § 902(f) which contains the presumption to which reference is made above. Since concurrent sentences were imposed upon the counts for "transporting" and "receiving" the firearms, no differentiation need be drawn between the factual situations even though they be inconsistent. One sentence was imposed upon the two counts and one of the counts is valid and supported by evidence.

■ A writ of habeas corpus should in no event serve the purpose of an appeal after the time therefore has lapsed. It has been held on direct appeal that a conviction was erroneous which was based upon the presumption set up in the statute. Tot v. United States, supra; United States v. Delia, supra. Even if the trial court here had entertained improper evidence or had drawn improper deductions from proper evidence, the judgment of conviction is valid against indirect attack in a habeas corpus proceeding. Carpenter v. Hudspeth, 10 Cir., 112 F.2d 126. As we have seen, there was evidence upon which the conclusions could have properly been founded even against direct attack.

No other questions were argued or submitted. The order of the court is, therefore, affirmed.