**MORTON v. STEELE.**

No. 14065.

United States Court of Appeals
Eighth Circuit

Feb. 14, 1950.

Appellant submitted brief pro se.

Sam M. Wear, U. S. Atty., and Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., submitted brief for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Western District of Missouri dismissing an application for a writ of habeas corpus.

The application for the writ shows that petitioner was tried and convicted of sec-

ond degree murder in the United States District Court for the District of Columbia, that the judgment of conviction was appealed to the Court of Appeals for the District of Columbia and affirmed, Morton v. U. S., 79 U.S.App.D.C. 329, 147 F.2d 28, and that certiorari was denied by the Supreme Court, 324 U.S. 875, 876, 65 S. Ct. 1015, 89 L.Ed. 1428; that "there have been numerous other habeas corpus proceedings" by petitioner, including a petition for a writ of habeas corpus in the Supreme Court of the United States, all of which have been denied [1], and that petitioner's motion to vacate the sentence under which he is now in custody, presented to the court which imposed the sentence, has been denied by that court.[2]

Petitioner's application shows that the basis for the writ of habeas corpus in the present case is his contention that inadmissible evidence was received by the court in which he was convicted, that admissible evidence produced by the Government at the trial was insufficient to sustain the verdict of conviction, and that these assignments of error were presented to the Court of Appeals for the District of Columbia on his appeal, were considered by that court, and denied.

Petitioner insists that because in his opinion the trial court received inadmissible evidence in support of the charge for which he was convicted, he was thereby denied due process of law, and for that reason the conviction and sentence imposed upon him were in violation of the Constitution of the United States. Petitioner has the mistaken notion that on a proceeding for a writ of habeas corpus he is entitled to retry questions of fact and law which were raised and decided at the trial in which he was convicted.

The District Court correctly ruled "that no facts are alleged in the petition which would authorize the issuance of a writ of habeas corpus."

The order dismissing the application is affirmed.

1. Under § 2244, Title 28, United States Code Annotated, a district or circuit judge is not required to entertain an application for habeas corpus where it appears that the legality of the applicant's detention has been determined on a prior application for the writ.

2. § 2255, Title 28, United States Code Annotated, provides that a petition for a writ of habeas corpus in behalf of a prisoner authorized to apply for relief by motion to the court which imposed sentence upon him shall not be entertained, if it appears that the application to the sentencing court had been made and denied, in the absence of a showing that the remedy by motion to vacate is inadequate or ineffective to test the legality of the applicant's detention.