**Tora Upstead RYSTAD, Appellant,**

v.

**John P. BOYD, District Director, Immigration and Naturalization Service, Appellee.**

**No. 15204.**

United States Court of Appeals Ninth Circuit.

June 21, 1957.

Rehearing Denied Sept. 5, 1957.

---

Warren Hardy, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Richard F. Broz, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BONE, LEMMON and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

In this proceeding, petitioner, challenging the legality of an order for her deportation, seeks a writ of habeas corpus, declaratory judgment, and injunctive relief. The trial court, after hearing, dismissed the proceeding on the ground that the judgment entered in a prior cause was final and determinative of all issues presented. Petitioner appeals.

Appellant, a native of Norway, has resided continuously in the United States since May 31, 1928. On July 16, 1954, she was served with a deportation warrant based upon the charge that she had become a member of the Communist Party of the United States (§ 241(a), Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1251(a)). A hearing on this charge was held on August 24, 1954, before a Special Inquiry Officer of the Immigration and Naturalization Service. She was represented by counsel at this hearing.

When the evidence submitted on behalf of appellee had been received, appellant requested and received a continuance of the hearing for twenty-eight days, so that she could prepare her defense. Upon the resumption of the hear-

ing on September 21, 1954, counsel for appellant moved to dismiss the charges. The motion was denied. Appellant did not testify in her own defense or offer any other evidence. The Special Inquiry Officer found that appellant was a member of the Communist Party of the United States in 1945 and 1946. He concluded that she was therefore subject to deportation, and entered such an order.

Appellant appealed to the Board of Immigration Appeals, which affirmed the order of the Special Inquiry Officer. Appellant then filed with the board a motion to reopen the proceedings for the purpose of presenting new evidence, including her own sworn testimony.

While this motion was pending before the board, appellant instituted a proceeding in the district court (cause No. 3986) for review of administrative proceedings, declaratory judgment, and injunctive relief. On September 15, 1955, the board denied appellant's motion to reopen and for suspension of deportation. On November 10, 1955, judgment was entered in cause No. 3986, denying the relief prayed for. On November 21, 1955, appellant filed a motion for a new trial in cause No. 3986. On the same day, she filed a motion with the board entitled "Renewal of Motion to Reopen Hearing on the Ground of, and for the Purpose of Presenting, New Evidence."

The motion for new trial was denied on January 4, 1956. No appeal was taken from the adverse judgment entered in cause No. 3986. The board, on January 25, 1956, denied appellant's second motion to reopen the deportation hearing. Appellant was ordered to report for deportation on March 27, 1956. One day prior to the scheduled deportation she filed the instant proceeding.

In this proceeding, appellant advances two reasons for contending that the order of deportation was erroneously entered. The first of these is that the finding that appellant had been a member of the Communist Party of the United States in 1945 and 1946 is not supported by substantial evidence. In this connection, it is argued that the only witness for the government was a paid informer whose testimony, for that reason, is unworthy of belief; that his testimony was unreliable because he was testifying as to events which had occurred over nine years previously; and that the Special Inquiry Officer should not have drawn an inference adverse to appellant from the fact that she did not testify at the hearing.

█ Each of these contentions was made, considered, and rejected in cause No. 3986. This court has recently held that persons desiring to challenge deportation orders are not permitted cumulative remedies by habeas corpus and declaratory petition, respectively or in reverse order. Cruz-Sanchez v. Robinson, 9 Cir., —— F.2d ——. In the instant case, a declaratory judgment was sought both times, a writ of habeas corpus being sought as additional relief in the second proceeding, now under review. We hold that the determination made in cause No. 3986, to the effect that the evidence was sufficient to support the order of deportation, was final and determinative of this issue.

The second reason advanced by appellant in support of her contention that the order of deportation was erroneously entered is that the board should have granted her second motion to reopen the deportation proceeding to receive the testimony of appellant and other witnesses.

█ This reason is included in the specification of error (denominated in appellant's brief as "Appellant's Points on Appeal"). It is not, however, discussed in the brief, except for a one-sentence restatement of the contention. Nor was it argued orally before this court. Where an appellant's point has not been argued in his brief, or orally, the point is deemed to be abandoned. Western Nat. Ins. Co. v. Le Clare, 9 Cir., 163 F.2d 337.

█ We have nevertheless considered the point as if properly presented for our determination. This second motion to reopen the deportation proceedings was

made and denied after judgment was entered in cause No. 3986. Accordingly, it was not before the court in that proceeding. The second motion is, in a general way, similar to the first motion to reopen the deportation proceedings, the denial of which was adjudicated adversely to appellant in cause No. 3986. But since the second motion differs in some respects from the first one, and is supported by affidavits not attached to the first, we will not regard the judgment in cause No. 3986 as determinative of the propriety of denying the second motion.

In its opinion and order denying the second motion, the board noted that, in connection with the first motion for reopening, it had been alleged that every person named by the government witness had been contacted and each had stated that appellant had never attended communist meetings. The board then pointed out that only one of the five affidavits submitted with the second motion is represented as being from one of the nineteen persons named by the government witness at the deportation proceedings. The board also expressed the view that all five affiants appeared to have been quite friendly with appellant, and hence they could have been produced as witnesses at the September 21, 1954, hearing.

The board's opinion denying the second motion to reopen contains a detailed analysis of the testimony of the government witness, the conclusion being reached that such testimony is entirely reliable. Reference is also made to the fact that, on September 21, 1954, appellant, although knowing that the Special Inquiry Officer considered that a prima facie case had been made out by the government, chose to remain silent and did not present any evidence. She adopted this attitude notwithstanding the fact that, upon her request, the hearing had been continued twenty-eight days, for the express purpose of permitting her to present her case.

A review of all of the circumstances of this case convinces us that the board did not abuse its discretion in declining to reopen the deportation proceedings. The failure to reopen such proceedings did not deprive appellant of due process of law.

Affirmed.

LEMMON, Circuit Judge (concurring).

I concur in affirming the judgment but am constrained to add that this appeal is devoid of the semblance of merit. It should be stamped for what it is, a frivolous appeal. I would go further and adjudge appellant's counsel in contempt of court in taking up the time of this busy court with this frivolity. He should be punished for doing so.