Frank L. COLLIER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 8128.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1960.

Decided Nov. 8, 1960.

See also, D.C., 183 F.Supp. 47.

Reid M. Spencer, Norfolk, Va., and O. John Rogge, Washington, D. C., for appellant.

Cary L. Branch, Asst. U. S. Atty., Richmond, Va. (Joseph S. Bambacus, U. S. Atty., and Shanley Keeter, Asst. U. S. Atty., Richmond, Va., on the brief), for appellee.

Before SOPER and BOREMAN, Circuit Judges, and LEWIS, District Judge.

SOPER, Circuit Judge.

This appeal is taken from a judgment of the District Court based on the verdict of a jury whereby the defendant was found guilty under ten counts of the indictment of mailing circulars or advertisements giving information where obscene pictures might be obtained and also with mailing pictures of this character in violation of 18 U.S.C. § 1461. The sentence of the court was that on each of the ten counts of the indictment the defendant pay a fine of $200 and be imprisoned for a period of five years, the sentences of confinement to run concurrently and the fines to be cumulative.[1]

The first four counts of the indictment charged offenses committed on diverse dates in 1958 before the statute was amended by the act of August 28, 1958, 72 Stat. 962, while the offenses charged in the remaining counts of the indictment were committed after the amendment. By the statute as it stood prior to

1. On January 16, 1958, the defendant was convicted in the Court of Sessions of Erie County, Pennsylvania, of violating a state statute by making and selling obscene photographs of the kind in evidence in this case and was placed on probation for twenty-three and a half months and for-

bidden to conduct and carry on the business of photography in Erie County during the period of probation. In the pending case the defendant testified that in Norfolk, Virginia, he filled seventy-five to a hundred orders for photographs per week at prices ranging from $5 to $10.

the amendment it was declared, amongst other things, that every obscene, lewd or lascivious book or picture and every circular or advertisement giving information where or from whom any such pictures or things might be obtained was nonmailable matter that should not be conveyed in the mails or delivered from any post office or by letter carrier; and it was provided that whoever deposited for mailing or delivery anything declared by the statute to be nonmailable should be fined not more than $5,000 or imprisoned not more than five years or both. By the statute as amended it was likewise declared that obscene, lewd or lascivious articles or things as well as letters or circulars giving information as to where such matter could be obtained were nonmailable, and it was provided that whoever uses the mails for the mailing of such matter "or knowingly causes to be delivered by mail according to the direction thereon, or *at the place at which it is directed to be delivered by the person to whom it is addressed*" shall be fined not more than $5,000 or imprisoned no more than five years or both for the first offense and not more than $10,000 or imprisoned not more than ten years or both for each such subsequent offense.

■ The first contention of the appellant is that the statute as amended in 1958 is unconstitutional because it is so vague and indefinite that it does not meet the due process requirement of the Fifth Amendment or the provision of the Sixth Amendment which entitles an accused to be informed of the nature and cause of the accusation against him. The argument is based upon the alternative clause in the statute italicized above whereby it is made an offense for anyone knowingly to cause to be delivered by mail any nonmailable matter "at the place at which it is directed to be delivered by the person to whom it is addressed." It is argued that this language is not only vague and indefinite but is so obscure as to be meaningless. It seems to us that the quoted language means the delivery of nonmailable matter to a place specified by the addressee; but for our purposes the interpretation of the phrase is immaterial because none of the counts in the indictment is based upon this language but is in every instance confined to the charge that the defendant used the mails for the delivery of circulars or advertisements giving information as to where obscene pictures might be obtained or used the mails for the delivery of such pictures. The inclusion of an obscure or meaningless phrase in a criminal statute does not invalidate the whole enactment or require the reversal of a conviction based upon an independent provision of the statute which has no connection with the questionable phrase. Berea College v. Commonwealth of Kentucky, 211 U.S. 45, 29 S.Ct. 33, 53 L.Ed. 81; McMullen v. Squier, 9 Cir., 144 F. 2d 703; 50 Am.Jur., Statutes, § 474.

■ The defendant's principal contention is that the pictures referred to in the indictment are not obscene within the meaning of the statute as interpreted in the decisons of the Supreme Court of the United States. Of these the most pertinent is Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, wherein the Court upheld a conviction for mailing obscene circulars and advertisements and an obscene book, and defined the meaning of obscenity (354 U.S. at page 487, 77 S.Ct. at page 1310). It is said that sex and obscenity are not synonymous and that obscene material is material which deals with sex in a manner appealing to prurient interests, that is, material having a tendency to excite lustful thoughts. The Court rejected an earlier standard of obscenity which allowed material to be judged merely by the effect of an isolated excerpt upon particularly susceptible persons and in its place approved the standard of later decisions, that is, whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest (354 U.S. at page 489, 77 S.Ct. at page 1311). The Court

specifically approved the charge of the trial judge wherein the jury were warned that the test is not the effect of the material upon a particular segment of the community, but the impact of the material, considered as a whole in its entire context and not in the detached portions, upon the average person in the community; and the jury were told that they were the exclusive judges of what offends the common conscience of the community.

The District Judge in the pending case incorporated this definition and these instructions almost word for word in his charge to the jury; and since the pictures mailed by the defendant differed somewhat in character he gave the additional instruction that a person who mails a picture or pictures obviously obscene does not escape the condemnation of the statute by placing them in a package with other pictures not obscene.[2] At the conclusion of this charge the defendant's attorney, in answer to an inquiry from the bench, stated that he had no objection to the instructions.

The jury convicted the defendant on all counts and hence the question for decision on this branch of the case is whether, as the defendant contends, the pictures were so clearly unobjectionable, in the light of subsequent decisions of the Supreme Court, as to leave no issue for submission to the jury. Three packets of pictures were mailed separately by the defendant on July 5, November 1, and November 19, 1958, respectively. Each packet contained a number of photographs of nude young men so posed as to be devoid of any artistic appeal but obviously designed to depict an indecent exposure of the person. They were clearly of such a character as to require their submission to the jury under the instructions outlined above.

The defendant refers particularly to Sunshine Book Co. v. Summerfield, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352;

Times Film Corp. v. City of Chicago, 355 U.S. 35, 78 S.Ct. 115, 2 L.Ed.2d 72; and One, Inc. v. Olesen, 355 U.S. 371, 78 S.Ct. 364, 2 L.Ed.2d 352, in each of which the judgments of the lower courts that certain material was obscene were brought up on writ of certiorari and reversed without argument, but with citation of Roth v. United States or Alberts v. State of California, which was considered together with Roth in one opinion. Obviously Roth and Alberts were not overruled in the later decisions, whatever else they decided. Since no opinion was filed in these cases we have no precise guide to the reasons which actuated the Supreme Court other than the reasonable inference that the lower courts had not correctly applied the rule laid down in Roth. Examination of the opinions of the lower courts shows plainly that portions of the materials were obscene in the judgment of intelligent and able men experienced in the finding and appraisal of fact, and the reversal of their conclusions is explicable to us only on the theory that they paid insufficient regard to the rule that in judging accused material attention should be directed not to detached and separate portions but to the whole material in its entire context. The material found by the trial and appellate courts to be obscene in each of these cases was only part of a publication devoted to the promotion or discussion of a particular idea such as the cult of nudism in the Sunshine case, or the subject of homosexuality in One, Inc. v. Olesen; or the material consisted of the adaptation of a book for moving pictures which disclosed illicit sexual relationships incident to the development of the plot, or the illustration of a thesis that the writer desired to expound, as in Times Film Corp. v. City of Chicago, supra.

We are not convinced, as the defendant contends, that under the modern rule no portrayal of the human form can be obscene. On the contrary, we are in accord

2. In the packet mailed July 5, 1958, a few pictures of nude men were enclosed that were not clearly obscene.

with the following comment of Judge van Pelt Bryan on Sunshine Book Company in Poss v. Christenberry, D.C.S.D.N.Y., 179 F.Supp. 411, 416, where he said:

"Plaintiff's argument that the per curiam decision of the Supreme Court in Sunshine Book Co. v. Summerfield [355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352,] compels a holding that the circular now before me is not obscene is specious. The same argument was raised and rejected in Glanzman [Glanzman v. Christenberry, D.C., 175 F.Supp. 485]. It is plain that the Supreme Court in the Sunshine Book case did not give blanket approval to all material containing nude photographs. It held only that the magazine there under consideration published by a bona fide group devoted to the cult of nudism, and containing pictures of nudists in the nude, was not obscene. There was no question of the sincerity of purpose of the publishers and the objective of the photographs and text was not an appeal to prurient interest."

The defendant makes the additional contention that the pictures in this case do not offend the statute because the human nude has been the subject of legitimate portrayal in sculpture, painting and other forms of art for many years. See Parmelee v. United States, 72 U.S.App.D.C. 203, 113 F.2d 729. There is nothing, however, in the pictures in the case before us to suggest that they were designed for artistic appreciation or composed to promote or illustrate any particular thesis or idea, and no factual discussion is presented to us to support the argument.

The final contention of the defendant that the male as distinguished from the female figure cannot be so portrayed as to appeal to prurient interest is not worthy of discussion.

Affirmed.