**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy A. OAKLEY, Defendant-Appellant.**

**Nos. 14338, 14339.**

United States Court of Appeals
Sixth Circuit.

May 24, 1961.

Fred Elledge, Jr., U. S. Atty., and Rondal B. Cole, Asst. U. S. Atty., Nashville, Tenn., on the brief, for plaintiff-appellee.

James M. Hunter, Gallatin, Tenn., and O. John Rogge, New York City (Josiah Lyman, Washington, D. C., on the brief), for defendant-appellant.

Before MARTIN, CECIL and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Defendant-appellant, Roy A. Oakley, was convicted by a jury on nine counts of a ten-count indictment, each of which counts charged him with violation of Section 1461, Title 18 U.S.C.A. (using the mails to distribute, or to give information as to a source from which could be obtained, obscene, lewd, lascivious and indecent articles or things). He was also convicted on the same trial under a one-count indictment charging violation of the same statute. The violations charged in the first indictment were alleged to have occurred prior to a 1958 amendment to Section 1461 of Title 18, and the single count indictment charged a violation alleged to have occurred after the effective date of such amendment. The district judge denied motions to dismiss the indictments and for acquittal, entered judgments on the verdict, and sentenced appellant to two years imprisonment on each count, all sentences to run concurrently.

On this appeal, defendant relies upon the following contentions: first, that the 1958 amendment to Section 1461 of Title 18 U.S.C., is unconstitutional; second, that the materials involved in appellant's mailings were, as a matter of law, not obscene and that the district judge was therefore in error in submitting such question to the jury; and, third, that appellant, from his experience with what is currently available in magazines, movies and like media of community information and entertainment, had become convinced that what he was doing was all right—he "never had any intention of violating the law."

First. *Constitutional question.* The offenses charged in the ten-count indictment occurred prior to the effective date (August, 1958) of the amendment under question. Only the single-count indictment is, therefore subject to this attack. Prior to the amendment, the relevant language of Section 1461 read, "Whoever knowingly deposits for mailing or delivery, anything declared by this section to be nonmailable," etc. This was changed by the 1958 amendment to read, "Whoever knowingly uses the mails for the mailing, carriage in the mails, or delivery of anything declared by this section to be nonmailable, *or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered* by the person to whom it is addressed," etc.

Appellant says that the italicized portion of the above "is not only vague and indefinite, it is meaningless," and, therefore, offensive to the Fifth and Sixth Amendments. The indictment averring an offense committed after the 1958 amendment, charged that on November 22, 1958, appellant "did knowingly cause to be delivered by mail, according to the directions thereon" an obscene picture, giving the name and address of the person to whom it was alleged to have been delivered. We are satisfied that appellant was thereby clearly informed of the offense with which he was charged, and that the statute whose language was thus

employed was not infected with any constitutional infirmity. United States v. Petrillo, 332 U.S. 1, 7, 8, 67 S.Ct. 1538, 91 L.Ed. 1877; Collier v. United States, 4 Cir., 1960, 283 F.2d 780, 781, certiorari denied 365 U.S. 833, 81 S.Ct. 746, 5 L.Ed.2d 744.

**Second.** *Were defendant's wares not obscene, as a matter of law?* Defendant's argument converts this question into an inquiry as to whether representations of the human nude are, per se, obscene. That is not the matter for decision. In testing whether the district judge should have directed defendant's acquittal, we must determine whether defendant's merchandise was of such character that it was permissible for a jury, "applying contemporary community standards" to find that "the dominant theme of the material, taken as a whole appeals to prurient interest." Roth v. United States, 354 U.S. 476, 489, 77 S.Ct. 1304, 1311, 1 L.Ed.2d 1498.

The material which defendant advertised and sold consisted, in the main, of photographs (not retouched to obscure any detail) of naked young women. The subjects were so posed and slight apparel so added on some of the pictures, as to enhance the prurient response invited. Defendant's advertising material gave subtle assurance that lustful curiosity would be satisfied by purchase of his material. The market solicited was not limited to persons of discriminating and artistic tastes, or to those whose look at the pictures would be prompted by some scientific or professional concern. No complaint is made of the instructions under which the district judge submitted the case to the jury. We find that it was not error for the district judge to submit the question of defendant's guilt to the jury.

Third. *Should defendant be held to have meant no wrong?* Defendant told of pictures seen by him while in the service. He introduced numerous publications and made reference to other media of information and entertainment currently available to the view of the public. He argues that his material was no worse

than these. From his experience with these matters, he was persuaded, he says, that his enterprise was not illegal, and criminal intent was absent. We need not here pass upon the relative merits, or demerits, of defendant's wares and what may be obtained elsewhere. We decline to hold that contemporary sophistication has reached a point whereby to provide this defendant, or anyone else, with a license to prosecute the business of disseminating obscenity. It was for the jury here, under proper instructions and applying "contemporary community standards" in the context of defendant's conduct, to determine his guilt.

Judgments affirmed.