Jesus ARELLANO–FLORES, Appellant,

v.

George K. ROSENBERG, District Director of Immigration, Appellee.

No. 17764.

United States Court of Appeals
Ninth Circuit.

Nov. 9, 1962.

David C. Marcus, Los Angeles, Cal., ·for appellant.

Francis C. Whelan, U. S. Atty., Donald .A. Fareed and James Dooley, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and HAMLIN, Cir-·cuit Judges, and SOLOMON, District .Judge.

SOLOMON, District Judge.

Appellant, Jesus Arellano-Flores, appeals from the District Court's dismissal of a habeas corpus proceeding in which he challenged the legality of an order for his deportation.

Appellant is a native and citizen of Mexico. He last entered the United States in 1954, although he has been a permanent resident alien in the United States since 1925.

In 1956, appellant was convicted of selling marijuana in violation of § 11,500, Health and Safety Code of the State of California. For this violation, the Los Angeles County Superior Court ordered the proceedings suspended and Arellano-Flores placed on probation for a period of five years on condition that he serve one year in the county jail.

Shortly thereafter, upon notice, a Special Inquiry Officer of the United States Immigration and Naturalization Service held a hearing and ordered appellant deported pursuant to 8 U.S.C.A. § 1251(a)(11), which provides for·the deportation of an alien convicted of a narcotics violation.

The Board of Immigration Appeals affirmed the deportation order and issued a warrant of deportation. Appellant then brought proceedings for judicial review of the deportation order. This Court affirmed a judgment which upheld the deportation order and warrant. Arellano-Flores v. Hoy, 9 Cir. 1958, 262 F.2d 667; cert. denied 362 U.S. 921, 80 S.Ct. 673, 4 L.Ed.2d 740 (1960).

While his petition for certiorari to the United States Supreme Court was pend-ing, appellant asked the Board of Immigration Appeals to reconsider the deportation order. Appellant contended that if his conviction under the California Health Code were to be expunged under California Penal Code, § 1203.4,[1] then

---

1. "Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the ver-·dict of guilty; and in either case the ·court shall thereupon dismiss the accusa-tions or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any

there would be no conviction to support the deportation order. The Board of Immigration Appeals denied the motion.

On May 13, 1960, appellant filed a motion in the Los Angeles County Superior Court to terminate his probation, dismiss the cause, set aside the plea of guilty, and enter a plea of not guilty. In accordance with the provisions of §§ 1203.3 [2] and 1203.4, California Penal Code, the Court granted the motion. Appellant again requested the Board of Immigration Appeals to reconsider its decision and order, but the Board denied the motion on the ground that on October 12, 1959, the Attorney General of the United States had ruled that an expungement based upon a statute such as the California Penal Code, §§ 1203.3 and 1203.4, would not invalidate a finding of deportability under Title 8 U.S.C.A. § 1251(a) (11).

On May 20, 1960, appellant filed a declaratory judgment action, Civil Action No. 582–60 WB, in the United States District Court for the Southern District of California, in which he challenged the validity of the deportation order on the ground that the order was made moot and the warrant void by the May 13, 1960, proceedings in the Los Angeles County Superior Court.

The District Court found that the deportation order was valid and Arellano-Flores deportable on the ground that the termination of probation and the expungement of the record of conviction in accordance with the California State law did not wipe out the conviction within the meaning of Title 8 U.S.C.A. § 1251 (a) (11). Appellant did not appeal.

On June 20, 1961, Arellano-Flores filed a petition for a writ of habeas corpus in the same District Court. He again challenged the validity of the deportation order. He raised the identical grounds which he asserted in the prior action, Civil Action No. 582–60 WB, but instead of again bringing a declaratory judgment proceeding, he filed a habeas corpus petition. The trial court held that all of the issues raised by the petition concerning Arellano-Flores' deportability and the validity of the order of deportation were determined by the judgment in the prior declaratory judgment action, and, on the theory of *res judicata*, may not be relitigated. The Court also held that even if the doctrine of *res judicata* were not applicable, the order of deportation is valid and Flores deportable for the reasons set forth in the findings, conclusions and judgment of Civil Action No. 582–60 WB.

We need not consider the alternative holding by the District Court, for we hold that the declaratory judgment was final and determinative of all of the issues raised in the present habeas corpus proceeding.

Either habeas corpus or declaratory judgment proceedings are appropriate to review deportation or exclusion orders. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955); Brownell v. Tom We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225 (1956). But judicial relief is not intended to be cumulative. This Court on two occasions has held that the validity of a deportation order may not be relitigated

other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

2. "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall

warrant it, terminate the period of probation and discharge the person so held, but no such order shall be made without written notice first given by the court or the clerk thereof to the proper probation officer of the intention to revoke, modify, or change its order, and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections."

on the same issues in collateral proceedings. Cruz-Sanchez v. Robinson, 249 F.2d 771 (1957). Rystad v. Boyd, 246 F.2d 246 (1957); cert. denied 355 U.S. 912, 78 S.Ct. 340, 2 L.Ed.2d 273; rehearing denied 355 U.S. 967, 78 S.Ct. 534, 2 L.Ed.2d 543 (1958).

In Cruz-Sanchez v. Robinson, supra, an alien who was ordered deported failed to appeal a decision rendered against him in a habeas corpus proceeding. He later filed a petition for declaratory judgment. In a persuasive opinion the District Court denied relief. Cruz-Sanchez v. Robinson, 136 F.Supp. 52 (D.C.S.D.Cal. 1955). Cruz-Sanchez appealed, and we denied relief:

> "We find nothing in the statutes, and nothing in decisions has been called to our attention which permits cumulative remedies by habeas corpus and declaratory petition, respectively or in reverse order, against the same order of deportation or the same proceedings upon which it is based.
>
> \* \* \* \* \* \*
>
> "Cruz-Sanchez had a complete review in habeas corpus. \* \* \* In the declaratory petition, Cruz-Sanchez set up nothing which had not been passed upon already. \* \* \* [N]o excuse is alleged for failure to set up all grounds for relief in the habeas corpus proceedings." 249 F.2d 774–775.

In Rystad v. Boyd, supra, the alien first brought an action for declaratory judgment in which she challenged the validity of a deportation order. She failed to appeal from an adverse judgment. After the Board of Immigration Appeals refused to reconsider its order for her deportation, she filed a second declaratory judgment petition, coupled with a habeas corpus petition. We held that the first judgment was "final and determinative" of the issue raised in both proceedings. 246 F.2d 248.

In Anselmo v. Hardin, 3 Cir. 1958, 253 F.2d 165, the Court held that a habeas corpus judgment in favor of an alien was *res judicata* when the alien later sought a declaratory judgment to invalidate a subsequent deportation order based on the same ground adjudged invalid in the prior habeas corpus proceeding. See also Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999 (1924).

The judgment of the prior action (declaratory judgment, Civil Action No. 582–60 WB) disposed of all of the issues raised in this habeas corpus proceeding. Arellano-Flores may not relitigate in a subsequent proceeding the matters previously decided from which no appeal was taken. He may not use a writ of habeas corpus as a substitute for an appeal. McMullen v. Squier, 9 Cir. 1944, 144 F.2d 703; cert. denied 324 U.S. 842, 65 S.Ct. 586, 89 L.Ed. 1404 (1945).

Affirmed.