UNITED STATES of America, ex rel. Verle G. CONARD, Petitioner,

v.

James F. MARONEY, Superintendent State Correctional Institution, Pittsburgh 33, Pennsylvania, Respondent.

Civ. No. 63-327.

United States District Court W. D. Pennsylvania.

May 3, 1963.

Peter F. Cianci, First Asst. Dist. Atty., Reading, Pa., for respondent.

MARSH, District Judge.

The relator, Verle G. Conard, an inmate of the State Correctional Institution, presented a petition for a writ of habeas corpus and was permitted to file same in forma pauperis. A rule to show cause was issued. Examination of the petition revealed that relator was tried,

convicted, and sentenced by the Criminal Court of Berks County, Pennsylvania, on a charge of breaking and escape from prison. An appeal was taken to the Superior Court and the judgment and sentence were affirmed on the opinion of President Judge Hess reported in Commonwealth v. Conard, 26 Pa.Dist. & Co. R.2d 639. A Petition for Allowance of Appeal was denied by the Supreme Court for failure to file within the statutory period. There is no averment that a petition for a writ of habeas corpus was presented to the State Courts.

In order to ascertain whether relator has exhausted his state remedies, this court requested the District Attorney of Berks County to forward the motion for a new trial presented to Judge Hess. A certified copy of a Motion and Reasons for a New Trial presented to the Criminal Court of Berks County was received and will be filed. The reasons set forth are confined to trial errors, principally, insufficiency of evidence to warrant the conviction. In his opinion Judge Hess stated that "the sole reason assigned in support of defendant's motions for a new trial and in arrest of judgment is that the evidence is insufficient * * *." We accept the relator's contention that he has exhausted his state remedies on these grounds.

■ However, the petition under consideration contains many other averments in support of relator's contention that his constitutional rights have been violated. Because these averments were not first presented to the State Court by way of habeas corpus or appeal, relator has not exhausted his state remedies as to them and this court cannot pass upon them. United States ex rel. Ackerman v. Johnston, 235 F.2d 958 (3d Cir., 1956). No exceptional circumstances have been alleged or appear which would require a waiver of this rule in regard to the averments which were not presented to the State Courts.

■ As to the allegations which were presented to the State Courts, i. e., that there was insufficient evidence, the petition itself recounts sufficient evidence of jail break on which, if believed, a jury could have convicted relator. The opinion of Judge Hess confirms this evidence and its sufficiency. There is no merit whatsoever in relator's argument that his constitutional rights were violated because the State did not bring the "physical evidence", i. e., the jail door and lock, into court and exhibit same to the jury. Assuming that the "physical evidence" was demanded by the defendant and the demand refused by the trial judge, this alleged trial error cannot be reached by way of habeas corpus but only on appeal. When a defendant is represented by competent counsel and the alleged error relates to the admission or exclusion of evidence, habeas corpus is not an appropriate remedy, and it cannot be a substitute for appeal. Schechter v. Waters, 199 F.2d 318 (10th Cir., 1952); Smith v. United States, 88 U.S. App.D.C. 80, 187 F.2d 192 (1950); Curran v. Shuttleworth, 180 F.2d 780 (6th Cir., 1950); Morton v. Steele, 179 F.2d 956 (8th Cir., 1950); McMullen v. Squier, 144 F.2d 703 (9th Cir., 1944).

■ One of the reasons contained in the motion for a new trial was that "the Court erred in failing to withdraw a Juror on motion of Counsel for the Defendant, both in the opening address by the District Attorney to the Jury and in summation to the Jury." This reason is not specifically contained in the petition filed here, but assuming that it is inferentially included, the remedy for this alleged trial error was by appeal and is not by way of habeas corpus. In this regard, as well as on the issue of sufficient evidence, the relator is concluded by the affirmance of the conviction on his appeal to the Superior Court.

An order will be entered discharging the Rule and denying the petition.