MATTER OF KELLY

In DEPORTATION Proceedings

A-8442318

*Decided by Board May 15, 1964*

A conviction of illicit traffic in narcotics in the State of California resulting in a suspended sentence and probation constitutes a conviction of sufficient finality to support an order of deportation under section 241(a)(11), Immigration and Nationality Act, and the finding of deportability is not affected by the expungement or erasure of the conviction record as authorized under sections 1203.3 and 1203.4 of the Penal Code of California.

CHARGE: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of narcotic law—Illicit traffic in marijuana.

The case comes forward on appeal from the order of the special inquiry officer dated January 27, 1964, ordering respondent be deported from the United States on the charge contained in the order to show cause.

The record relates to a native and citizen of Great Britain, 26 years old, male, who last entered the United States on or about August 1959. He was originally admitted to the United States for permanent residence on February 13, 1953, under section 6(a)(3) of the Immigration Act of 1924 (Exhibit No. 3).

The respondent was convicted on his plea of guilty on May 27, 1963, in the Superior Court in the State of California in and for the City and County of San Francisco to count three of an indictment charging him with violation of section 11531 of the Health and Safety Code of the State of California, in that on or about the second day of March 1963 in the City and County of San Francisco in the State of California, the respondent unlawfully sold and gave away a narcotic, to wit, marijuana (Exh. 2). The court ordered respondent placed on probation for a period of three years on condition that he be confined in the county jail for the term of six months. During the pendency of the hearing, the respondent obtained on October 8, 1963, from the Superior Court of the State of California, County of San Francisco, where his conviction had occurred, an expungement of the con-

viction pursuant to sections 1203.3 and 1203.4 of the Penal Code of California (Exh. 5). On the basis of this expungement, the attorney for the respondent moved that the proceedings be terminated. The only issue presented in this case is the effect of this expungement.

A conviction in all respects similar to that of the respondent was considered in *Matter of A—F—*, 8 I. & N. Dec. 429 (Atty. Gen., 1959). The contention was raised that expungement of the conviction under section 1203.4 of the California Penal Code erased the record and that consequently there could be no conviction within the meaning of section 241(a)(11) of the Immigration and Nationality Act. The Attorney General held, that for the purposes of section 241(a)(11), it was immaterial that pursuant to a State statute like section 1203.4 of the California Penal Code or section 1772 of the Welfare and Institutions Code, the verdict of guilty has been set aside and the criminal charge dismissed. The Attorney General stated that the history of section 241(a)(11) convinced him that Congress did not intend that aliens convicted of narcotic violations should escape deportation, because, as in California, the State affords a procedure authorizing a technical erasure of the conviction.

The respondent in the above-cited case obtained an expungement of his conviction under section 1203.4 of the California Penal Code on May 13, 1960, but his motion to reopen was denied on May 16, 1960, on the ground that no useful purpose would be served by reopening in view of the decision of the Attorney General. Court action was subsequently instituted and on November 9, 1962, in the case of *Arellano-Flores v. Rosenberg*, 310 F. 2d 188, the United States Circuit Court of Appeals affirmed the holding of the District Court that, despite the expungement of the conviction, the respondent was subject to deportation under section 241(a)(11) of the Immigration and Nationality Act.[1]

The respondent was admitted to the United States for permanent residence on February 13, 1953. He has testified that he has resided in the United States except for a sight-seeing trip to Mexico from May to August 1959 when he reentered the United States as a returning resident. Under section 241(a)(11) of the Immigration and Nationality Act, the charge of deportability is not predicated upon any specific entry into the United States but the charge simply provides that any alien who at any time has been convicted of a violation of any law relating to illicit traffic in narcotic drugs or marijuana is subject to deportation. Thus the principle of the case of *Rosenberg v. Fleuti*, 374 U.S. 449, has no bearing.

---

[1] Cert. den. 374 U.S. 838.

The respondent testified that his mother is a permanent resident of the United States and his father is a naturalized citizen of this country. He served in the United States Army from August 1961 to August 1963 when he received an undesirable discharge because of his conviction of the narcotics violation. Discretionary relief does not appear to be available.

In connection with the appeal, counsel for the respondent urged that the case be held in abeyance pending a decision in the Court of Appeals for the Ninth Circuit in the case entitled *Garcia-Gonzales* v. *I. & N. Service*, No. 18,375 in which he alleged the same issue is present. The holding in this case is not set forth and we are not aware that the same issue is presented which was disposed of in the case of *Arellano-Flores* v. *Rosenberg*, 310 F.2d 118, cert. den. 374 U.S. 838. We do know however that in the case of *Gutierrez* v. *I. & N. Service*, 323 F.2d 593 (9th Circuit, 1963), in which an alien was convicted of possession of marijuana by a California Court and was placed on probation for three years, the Court cited with approval its earlier holding in *Arellano-Flores* v. *Hoy* [2] to the effect that California would consider on this record that there was a conviction. The Court held that there was no merit to the contention that the criminal proceedings which resulted in petitioner's conviction do not have sufficient finality to support the order of deportation.[3]

We conclude that the conviction of illicit traffic in narcotics in the State of California which results in a suspended sentence and probation constitutes a conviction of sufficient finality to support an order of deportation under section 241(a)(11), and that this finding of deportability is not affected by the expungement or erasure of the conviction record as authorized under section 1203.4 of the Penal Code of the State of California. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[2] 262 F. 2d 667, cert. den. 362 U.S. 921.

[3] In the *Gutierrez* case, certiorari was denied on April 20, 1964.