28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Akbar MOHAMMADI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70801.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Akbar Mohammadi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal of an immigration judge's ("IJ") decision. The IJ found Mohammadi deportable as an alien convicted of crimes involving moral turpitude, and denied his (1) application for asylum under 8 U.S.C. Sec. 1158(a) and withholding of deportation under 8 U.S.C. Sec. 1253(h), (2) waiver of deportation under 8 U.S.C. Sec. 1182(c), and (3) request for leave to seek suspension of deportation under 8 U.S.C. Sec. 1254. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 Following the IJ's decision, Mohammadi filed a timely notice of appeal with the BIA indicating that he would file a brief on appeal. Mohammadi failed to file a brief with the BIA despite obtaining an extension of the time in which to do so. On July 8, 1993, the BIA summarily dismissed the appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A)[1] because Mohammadi's notice of appeal included only a generalized statement which "in no meaningful way identifie[d] the basis of his appeal" and Mohammadi neither filed a brief nor an explanation for his failure to do so.
 
 
 4
 The government contends that because Mohammadi has failed to raise any issues regarding the BIA's summary dismissal in his opening brief, he has waived the right to challenge the BIA's decision. This contention has merit.
 
 
 5
 "It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned." Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988); Rystad v. Boyd, 246 F.2d 246, 248 (9th Cir.1957) (issue alien failed to raise in brief deemed waived), cert. denied, 355 U.S. 912, reh'g denied, 355 U.S. 967 (1958). Here, Mohammadi failed to raise in his opening brief any issues regarding the propriety of the BIA's summary dismissal. Moreover, Mohammadi failed to counter the government's waiver argument. We therefore conclude that Mohammadi waived his right to challenge the BIA's summary dismissal. See Collins, 844 F.2d at 339.
 
 
 6
 In addition, "this court's review is limited to the decision of the BIA." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Thus, we decline to consider Mohammadi's arguments of error concerning the IJ's decision. See id.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A), the BIA may summarily dismiss any appeal in which "[t]he party concerned fails to specify the reasons for the appeal on Form EOIR-26 or EOIR 29 (Notices of Appeal) or other document filed therewith."