41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudyard Buenaluz GAO-AY; Rudyard Solano Gao-Ay; Liza Jane
Gao-Ay, Petitioners,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70751.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudyard B. Gao-Ay ("Gao-Ay Sr.") and his two children Liza Gao-Ay and Rudyard S. Gao-Ay ("Gao-Ay, Jr."), all natives and citizens of Philippines, petition for review of the Board of Immigration Appeals' ("BIA") summary dismissal of their appeal from an immigration judge's ("IJ") decision denying their applications for asylum and withholding of deportation. The BIA also denied Gao-Ay Jr.'s motion to reopen in which he sought to apply for suspension of deportation. We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 At a deportation proceedings before the IJ, the Gao-Ays, represented by counsel, conceded deportability and requested asylum and withholding of deportation, pursuant to 8 U.S.C. Secs. 1158(a) & 1253(h), based on their fear of persecution stemming from Gao-Ay Sr.'s military service during the Marcos regime. After an asylum hearing, the IJ rejected Gao-Ay Sr.'s asylum claim finding that it was not supported by objective evidence of a well-founded fear of persecution, but granted the Gao-Ays' request for voluntary departure.
 
 
 5
 Following the IJ's decision, the Gao-Ays, still represented by counsel, filed a timely notice of appeal with the BIA stating the following:
 
 
 6
 The respondents appeal from the decision of the Immigration Judge denying their application for asylum and withholding of deportation.
 
 
 7
 The Immigration Judge abused his discretion in failing to find that the respondents had set forth a basis for asylum based on their testimony.
 
 
 8
 For this reason, this matter should be remanded for a finding consistent with the fact set forth during the testimony of the respondents.
 
 
 9
 Although they indicate that they would file a brief on appeal, no brief was ever filed with the BIA.
 
 
 10
 On July 27, 1993, the BIA summarily dismissed the appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A)[1] finding that the Gao-Ays' notice of appeal included only a generalized statement which "in no meaningful manner identified the basis of their appeal."
 
 
 11
 The BIA also considered and rejected Gao-Ay Jr.'s motion to reopen based on his failure to establish a prima facie claim for suspension of deportation pursuant to 8 U.S.C. Sec. 1254(a).
 
 II
 Analysis
 A. Summary Dismissal
 
 12
 On appeal, the Gao-Ays fail to raise any issues regarding the BIA's summary dismissal. "It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned." Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988); Rystad v. Boyd, 246 F.2d 246, 248 (9th Cir.1957) (issue alien failed to raise in brief deemed waived), cert. denied, 355 U.S. 912, reh'g denied, 355 U.S. 967 (1958).
 
 
 13
 Thus, because the Gao-Ays failed to raise any issues regarding the propriety of the BIA's summary dismissal in their opening brief, they have waived their right to challenge the BIA's summary dismissal. See Collins, 844 F.2d at 339.
 
 
 14
 In addition, because our "review is limited to the decision of the BIA," we decline to consider Gao-Ays' arguments of error concerning the IJ's decision. See Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991).
 
 
 15
 B. Motion to Reopen to Seek Suspension of Deportation
 
 
 16
 We review the BIA's denial of a motion to reopen for an abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 725 (1992); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). The BIA has "broad discretion" to grant or deny such motions. INS v. Rios-Pineda, 471 U.S. 444, 449 (1985). The BIA may deny a motion to reopen either on the basis that the alien has not established prima facie eligibility for the underlying substantive relief sought or as a matter of discretion. See INS v. Abudu, 485 U.S. 94, 104-105 (1988); Doherty, 112 S.Ct. at 725.
 
 
 17
 Under 8 U.S.C. Sec. 1254(a), to be eligible for a discretionary grant of suspension of deportation, the alien must show that "(1) he has been continuously present in the United States for seven years, (2) he is of good moral character, and (3) deportation would result in extreme hardship to the alien or to his United States citizen resident spouse, parent, or child." Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989). Each of these factors must be satisfied before an alien is eligible for suspension of deportation. See id.; 8 U.S.C. Sec. 1254(a).
 
 
 18
 Generally, "[t]he common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Moreover, the BIA may construe "extreme hardship" narrowly so long as it considers all relevant factors and states its reasons for denying relief. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (citing INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981)). The BIA's "[f]ailure to consider all of the factors which bear on extreme hardship, [however], is an abuse of the [BIA's] discretion." Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). We may not substitute our own interpretation of "extreme hardship" for that of the BIA. See Wang, 450 U.S. at 144; Bu Roe, 771 F.2d at 1333.
 
 
 19
 Here, the BIA found that Gao-Ay Jr. had not demonstrated "extreme hardship" and thus had not established prima facie eligibility for suspension of deportation. In reaching this conclusion, the BIA considered Gao-Ay Jr.'s community ties, length of presence in the United States, age, marital status, employment and educational history, and lack of immediate family ties to United States citizens or lawful permanent residents. In addition, the BIA considered Gao-Ay Jr.'s claim that he would be subject to persecution if returned to the Philippines despite the Gao-Ays' failure to meaningfully identify any errors in the IJ's decision on appeal.
 
 
 20
 Given these circumstances, we cannot say that the BIA abused its discretion by concluding that Gao-Ay Jr. had not shown extreme hardship. See Hassan, 927 F.2d at 468; Hernandez-Luis, 869 F.2d at 498; Ramirez-Durazo, 794 F.2d at 498-99.
 
 
 21
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A), the BIA may summarily dismiss any appeal in which "[t]he party concerned fails to specify the reasons for the appeal on Form EOIR-26 or EOIR 29 (Notices of Appeal) or other document filed therewith."