122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Augusto A. BARRIENTES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70848.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Augusto A. Barrientes, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Barrientes contends that he has sustained his burden of establishing past persecution or a well-founded fear of future persecution on account of political opinion. We disagree.
 
 
 6
 Because the BIA incorporated the IJ's reasoning, we treat the IJ's denial of asylum and withholding of deportation as the BIA's and review the IJ's decision. See Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir.1996). Factual findings underlying the IJ's decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995) (citing INS v. Elias-Zacarias, 502 U.S. 478, 480-81 (1992)).
 
 
 7
 To be eligible for asylum, an applicant must show either "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994). To be eligible for asylum based on political opinion, the persecution must be on account of the alien's political views. See INS v. Elias-Zacarias, 502 U.S. 4:78, 481-82 (1992). "[T]he mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish" persecution on account of political opinion. Id. at 482.
 
 
 8
 Here, Barrientes testified that his first contact with the New People's Army ("NPA") was in 1991. The NPA came to Barrientes' home asking that he join them because he had previously supported them financially and they lacked manpower. When Barrientes later refused, one of the leaders of the NPA became upset and threatened Barrientes' life by pointing a weapon to his head and punching him in the stomach. Said leader also threatened Barrientes' family. Although the NPA threatened to take Barrientes, they left without him. Barrientes allegedly reported the incident to the regional commander, but never obtained a copy of the report. After Barrientes relocated, he received several letters from the Red Scorpion Group ("RSG") and a former classmate requesting that he join them or something would happen to him or his family.
 
 
 9
 Barrientes' testimony, even if true, would not compel a finding of past persecution by the NPA or the RSG on account of political opinion. See Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997).[1] There was no evidence that Barrientes ever expressed his political views or that his refusal to join the NPA or the RSG was based on any affirmative political opinion. See Elias-Zacarias, 502 U.S. at 482. In fact, Barrientes admitted that he refused to join the NPA or the RSG out of concern for his family. Therefore, substantial evidence supports the IJ's decision that Barrientes failed to show persecution on account of political opinion. See Kazlauskas, 46 F.3d at 905.
 
 
 10
 Barrientes also contends that there is substantial evidence to establish a well-founded fear of future persecution. The IJ properly considered the changed country conditions in the Philippines, as evidenced by the 1994 State Department Country Report ("the Report"). See Ghaly v. INS, 58 F.3d 1425, 1429-30 (9th Cir.1995); see also Kazlauskas, 46 F.3d at 906 (stating that the State Department Country Report provides the most appropriate and perhaps the best resource for information on political situations in foreign nations). For instance, the fact that nothing occurred to Barrientes for three months while living in Agoncillo, Batangas and then after relocating to Manila showed a strong likelihood of finding refuge in other areas in the Philippines, and avoiding future conflict with the NPA or the RSG. See Cuadras v. INS, 910 F.2d 567, 571 n. 2 (9th Cir.1990). Further, the Report stated that the killing of the RSG's leader and subsequent surrender of several leading members severely weakened the RSG. Moreover, Barrientes' testimony regarding the NPA's or the RSG's non-political interest in him actually supported the opinions in the Report regarding current country conditions and the NPA's or the RSG's motivations. Accordingly, we deny the petition for review because the evidence would not compel a reasonable factfinder to find the requisite past persecution or well-founded fear of future persecution on account of political opinion. See Elias-Zacarias, 502 U.S. at 481 & n. 1.[2]
 
 
 11
 Because Barrientes failed to demonstrate eligibility for asylum, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The BIA affirmed the IJ's adverse credibility determination, finding that Barrientes' testimony and the statements from his first and second applications for asylum were contradictory. Since the IJ gave specific and cogent reasons, substantial evidence supports his adverse credibility determination. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992)
 
 
 [2]
 While Barrientes also mentions nationality and social group as grounds for asylum, he fails to address such claims in his opening brief. Therefore, we treat these claims as abandoned and do not consider them here. See Rystad v. Boyd, 246 F.2d 246, 248 (9th Cir.1957)