*633 MEMORANDUM *
Preston Magiya petitions for review of the Board of Immigration Appeals’ order affirming the Immigration Judge’s order of removal.[1] In his petition for review Magiya contends only that he is a United States citizen. On appeal, we found there existed a genuine issue of material fact about Magiya’s nationality and transferred the proceeding to the district court for a new hearing on Magiya’s nationality claim, pursuant to 8 U.S.C. § 1252(b)(5)(A). The district court held a new hearing on Magiya’s nationality claim and issued an in chambers order denying Magiya declaratory relief. Magiya did not appeal this decision and the district court transferred the matter back to this court for further proceedings.
We conclude the district court’s decision finally determined Magiya’s citizenship claim and, accordingly, deny Magiya’s petition for review. We need not decide whether the district court applied the correct standard; any such claim of error should have been heard on direct appeal. See Arellano-Flores v. Rosenberg, 310 F.2d 118, 121 (9th Cir.1962).
Magiya’s nationality claim may be decided only by the procedure described in 8 U.S.C. § 1252(b)(5)(B). See 8 U.S.C. § 1252(b)(5)(C) (“The petitioner may have such nationality claim decided only as provided in this paragraph [referring to § 1252(b)(5)].”). Section 1252(b)(5) assigns exclusive jurisdiction over the nationality claim to the district court. The district court has decided Magiya’s nationality claim and found Magiya is not a citizen. That decision was not appealed; it is final. Therefore, this court must deny Magiya’s petition for review.[2]
DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Respondent’s motion to lift the stay of abeyance is GRANTED.

. Both Respondent's motion to supplement the record and Petitioner’s motion to strike Exhibit A are DENIED as moot.