**Stephen Charles FORDE, Petitioner—Appellant,**

v.

**Dick CLARK, Warden; et al., Respondents—Appellees.**

No. 02–55420.

D.C. No. CV–00–00819–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 15, 2004.

Stephen Charles Forde, Los Angeles, CA, pro se.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

April Anita Christine, USLA—Office of the U.S. Attorney, Los Angeles, CA, Scott C. Taylor, AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

## MEMORANDUM**

Stephen Charles Forde appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition for lack of jurisdiction. This court granted a certificate of appealability on the issue of whether Forde was in custody for purposes of § 2254 jurisdiction. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Forde contends that the district court erred in ruling that he was not in custody under § 2254 by ignoring the controlling case of *Lackawanna County Dist. Att'y v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). We review de novo denials of § 2254 petitions. *See Park v. California,* 202 F.3d 1146, 1149 (9th Cir. 2000). We conclude that the analysis in *Lackawanna* does not change Forde's custody status in regard to § 2254. *See Lackawanna,* 532 U.S. at 401–02; *see also Allen v. Oregon,* 153 F.3d 1046, 1048 (9th Cir.1998) (holding that petitioner in federal custody could not challenge in a § 2254 petition his expired state convictions that contributed to basis of federal incarceration).

■ Forde also contends that because he filed his § 2254 petition within the proper time limit after his state conviction became final, *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), mandates that he be considered to be in custody. We disagree. The petitioner in *Carafas* filed his federal habeas petition before his state conviction expired, whereas Forde did not file his petition until after his state conviction expired. *See Carafas,* 391 U.S. at 238. Therefore, *Carafas* is inapposite. *See id.*

■ Finally, Forde contends that he has a fundamental right to habeas jurisdiction, and that he has a due process right and an equal protection right to be heard in habeas under § 2254. Because these contentions are outside the scope of the certificate of appealability, this court may not reach them. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood,* 195 F.3d 1098, 1102–03 (9th Cir.1999). Even if this court were to reach these contentions, they lack merit. *See U.S. v. Hancock,* 231 F.3d 557, 565 (9th Cir.2000) (noting that strict scrutiny is only used for suspect classes or burdens on fundamental rights); *Mayner v. Callahan,* 873 F.2d 1300, 1302 (9th Cir.1989) (stating that prisoners are not a suspect class); *Cruz–Sanchez v. Robinson,* 249 F.2d 771, 774–75 (9th Cir.1957) (discussing that habeas corpus is a judicial procedural vehicle to address violation of rights, rather than a right in itself).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.