Leonard CRUZ–SANCHEZ, Petitioner,

v.

Robert ROBINSON, Officer in Charge, Immigration and Naturalization Service, Los Angeles, California, Merril O'Toole, Regional Commissioner, San Pedro, California, Respondents.

No. 18785.

United States District Court
S. D. California, Central Division.

Nov. 17, 1955.

Richard R. Cody, Los Angeles, Cal., for petitioner.

Laughlin E. Waters, U. S. Atty., Edwin H. Armstrong, Asst. U. S. Atty., Los Angeles, Cal., for respondents.

BYRNE, District Judge.

Cruz-Sanchez filed this action for declaratory judgment seeking the review of a final order of the Immigration and Naturalization Service in which he was found to be a deportable alien and ordered deported from the United States.

The defendants, in their motion to dismiss, concede that an action for declaratory judgment is a proper form of proceeding to obtain judicial review of an order of deportation,[1] but they contend that no relief can be granted here as the claim of the plaintiff has previously been adjudicated, i. e. he has already had his judicial review.

Approximately two months prior to the filing of this action the plaintiff filed a petition for a writ of habeas corpus and was accorded a judicial review of the deportation proceedings he attacks in the present suit. Following a hearing on the writ and the return thereto, the court made and filed findings that the hearing and the final order of deportation complied with the conditions and provisions of Section 242(b) of the Immigration and Nationality Act, 8 U.S.C.A. § 1252 (b); that the deportation proceedings relating to the plaintiff were fair and in accord with his constitutional rights; that there was reasonable, substantial and probative evidence to support the decision of deportability, the order of deportation and the warrant of deportation. Accordingly judgment was entered discharging the writ.

The question here is whether Cruz-Sanchez may have a redetermination of the same issues previously adjudicated. He relies on Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 594, and contends that it authorizes judicial review in both habeas corpus and declaratory relief and therefore he is entitled to *two*

---

1. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591.

judicial reviews of the same administrative proceeding. That is not the holding of the Pedreiro case. The Pedreiro court held "that there is a right of judicial review of deportation orders other than by habeas corpus" and that an action for declaratory relief is an appropriate remedy to obtain such a review. The clear holding is that judicial review may be had *either* by habeas corpus *or* an action for declaratory relief. The Administrative Procedure Act provides [2] the "form of proceeding for judicial review shall be * * * any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus) in any court of competent jurisdiction." It could hardly be contended that Congress intended to permit successive judicial reviews of the same administrative action in each of the various forms authorized, with resultant endless litigation and the indefinite postponement of execution of the administrative order. The conclusion is inescapable that Congress intended but one judicial review of administrative action.

Cruz-Sanchez says it is elementary that the doctrine of *res judicata* does not apply to habeas corpus. That is a correct statement of the law [3] which is founded upon the recognition of habeas corpus as the privileged writ of freedom. It is because of this status that courts are not foreclosed from considering successive applications for the extraordinary writ.[4] However, we are not concerned with the application of the doctrine of *res judicata* to habeas corpus proceedings. This is an action for a declaratory judgment and not an application for the Great Writ.

Ordinarily the office of habeas corpus is exhausted when it is ascertained that the agency or court under whose order the petitioner is being held had jurisdiction to act and the requirements of due process were observed.[5] Judicial review of an administrative proceeding may be had in habeas corpus because the Administrative Procedure Act so provides, 5 U.S.C.A. § 1009(b), and the scope of habeas corpus is enlarged accordingly. The scope of judicial review of deportation proceedings whether invoked by habeas corpus or an action for declaratory relief is delineated by section 242(b) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1252(b). See Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757. Section 242(b) sets forth various requirements with respect to notice, right to counsel, right to present evidence and to cross-examine witnesses and provides that decisions of deportability shall be based upon reasonable, substantial and probative evidence. The scope of the review is exactly the same whether the remedy pursued is habeas corpus or an action for declaratory relief.

The plaintiff has been afforded judicial review and a court of competent jurisdiction has determined that the deportation proceedings complied with the conditions and provisions of Section 242 (b). A judgment rendered by a court

---

2. 5 U.S.C.A. § 1009(b).

3. Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989; Collins v. Loisel, 262 U.S. 426, 43 S.Ct. 618, 67 L.Ed. 1062.

4. To curtail the abuse of the writ, Congress in 1948 adopted Section 2244 of Title 28 U.S.C.A. reading as follows: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry." (See Revisor's Note to the effect that the purpose of the section is to prevent suing out successive and repetitious writs.)

5. Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3.

having jurisdiction of the parties and subject matter is conclusive and indisputable evidence as to all rights, questions, or facts put in issue in the suit and actually adjudicated therein, when the same come again into controversy between the same parties or their privies.[6]

Although the defense of *res judicata* should ordinarily be pleaded; where, as here, the complaint on its face shows the prior proceeding, such defense may be presented by motion to dismiss.[7]

An alien is not entitled to repetitious judicial reviews of deportation proceedings. If discontented with the result of the first judicial review, his remedy is by appeal. The motion to dismiss is granted. Counsel for defendant to prepare, serve and lodge a formal order pursuant to local rule 7.

6. State of Wyoming v. State of Colorado, 286 U.S. 494, 52 S.Ct. 621, 76 L.Ed. 1245; Continental Oil Co. v. Jones, 10 Cir., 176 F.2d 519; State of Oklahoma ex rel. Commissioners of Land Office v. United States, 10 Cir., 155 F.2d 496; Restatement, Judgments, 568.

7. Cuff v. United States, 9 Cir., 64 F.2d 624.