Leonard CRUZ–SANCHEZ, Appellant,

v.

Robert ROBINSON, Appellee.

No. 15037.

United States Court of Appeals
Ninth Circuit.

June 15, 1957.

Richard R. Cody, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Edwin H. Armstrong, Asst. U. S. Attys., Los Angeles, Cal., for appellees.

Before STEPHENS and FEE, Circuit Judges, and FOLEY, District Judge.

JAMES ALGER FEE, Circuit Judge.

Cruz-Sanchez is an alien, a native and citizen of Mexico. He was lawfully admitted to the United States in 1933, and has been a resident here continuously since that time.

The District Director of the Immigration and Naturalization Service at San Francisco, California, issued a warrant of arrest, which was served on July 21, 1952, charging that Cruz-Sanchez was subject to deportation in that, at the time of entry, he was an immigrant not in possession of a valid visa and that he was not exempted by law from the presentation thereof and that he was convicted of a crime involving moral turpitude committed within five years after entry.

The last entry of Cruz-Sanchez was in March, 1950.

On March 5, 1953, a deportation hearing was held. The record showed Cruz-Sanchez pleaded guilty in the California state court to burglary and grand theft, and was sentenced in 1952 to imprisonment for the time prescribed by law.

The Special Inquiry Officer, who presided at the hearing, ordered Cruz-Sanchez deported from the United States. An administrative appeal was taken by Cruz-Sanchez to the Board of Immigration Appeals from this decision. On June 6, 1953, the Board dismissed this appeal. On August 13, 1953, a warrant of deportation was issued by the District Director at Los Angeles against Cruz-Sanchez.

On August 15, 1955, Cruz-Sanchez filed a petition for a writ of habeas corpus, for release from detention under the deportation order, in the District Court for the Southern District of California. A show cause order was issued. After hearing, the relief prayed for was denied, and the writ was discharged on September 22, 1955.

On the same day, Cruz-Sanchez filed, in the same court, an action for declaratory judgment and judicial review. This petition recited the application for, and denial of, the writ of habeas corpus. The record before the District Judge included the habeas corpus proceeding and the transcript and exhibits in the proceedings before the Immigration and Naturalization Service, which were concluded by the deportation order.

Respondents filed a motion to dismiss for want of jurisdiction. The trial court filed an excellent opinion, reported at D.C., 136 F.Supp. 52, wherein it ordered the petition dismissed for failure to set forth a claim upon which relief could be granted. This appeal was taken therefrom. A temporary restraining order was dissolved.

Cruz-Sanchez sets up three grounds for reversal:

"Habeas Corpus Not Exclusive Relief From Administrative Order of Deportation."

"Denial of Habeas Corpus No Bar Nor Does It Estop Relief Under Section 10 of Administrative Procedure Act."

"Relief of Judicial Review of Order of Deportation Is Grant By Congress to Alien in Addition to Habeas Corpus Provided by Constitution Which Congress Cannot Suspend Under Circumstances."

All these points can be decided in favor of Cruz-Sanchez, and yet the judgment must be affirmed. But it is of interest to compare the present petition with the judgment discharging the writ of habeas corpus.

The allegations of the petition for "Declaratory Judgment and Judicial Review," which are pertinent as to claimed defects in the administrative hearing, are:

"V. That on March 5, 1953, Plaintiff was accorded a hearing to show

cause as to why he should not be deported from the United States under the appropriate provisions of the Immigration and Naturalization Act of 1952.

"VI. That on the same date the Special Inquiry Officer rendered his decision ordering that Plaintiff be deported from the United States in the manner provided by law, on the charge contained on the Warrant of Arrest.

"VII. That no administrative appeal was taken by Plaintiff from this order due to his lack of knowledge and the fact that he was not fully informed of his rights in this matter.

"VIII. That the Deportation hearing held on March 5, 1953, and the Order of Deportation issued by the Special Inquiry Officer then presiding, was not based on reasonable, substantial, and probative evidence.

"IX. That said Deportation hearing was not fair and in accordance with Plaintiff's constitutional rights, in that the Warrant of Arrest upon which the Order of Deportation was based was issued upon the basis of a statement taken from Plaintiff in violation of his constitutional rights.

"X. That said deportation hearing was held when Petitioner was not represented by counsel of his own choosing, and, therefore, is a violation of his constitutional rights under the Fourteenth Amendment of the Constitution.

"XI. That said hearing was held under such circumstances that Petitioner was placed under duress and fear, and was, therefore, a violation of his constitutional rights under the Fourteenth Amendment."

The findings of fact of the same trial court and judge in the habeas corpus proceedings, which were entered as above noted the same day that the petition for declaratory relief was filed, contain the following:

"IV. An administrative appeal was taken by Petitioner from said decision of the Special Inquiry Officer to the Board of Immigration Appeals and on July 16, 1953, said Board dismissed Petitioner's appeal.

\* \* \* \* \* \*

"VI. The Special Inquiry Officer presiding at the aforementioned Deportation Hearings had jurisdiction and authority to act.

"VII. The Petitioner, Leonard Cruz-Sanchez, last entered the United States at Calexico, California, about March, 1950.

"VIII. There is reasonable, substantial, and probative evidence to support the decision of deportability, the Order of Deportation, and the Warrant of Deportation.

"IX. The Deportation Proceedings including the hearing and final order complied with the conditions and provisions of Section 242(b) of the Immigration and Nationality Act, 8 U.S.C. 1252(b).

"X. The Deportation Proceedings relating to the Petitioner were fair and in accord with his constitutional rights."

Under these conditions, Cruz-Sanchez is in a dilemma, impossible of solution. Either he presented all the matters which it was possible for him to present in a habeas corpus proceeding or he deliberately failed to present there pertinent evidence which at that time he knew existed. In either event, the issue presented to the trial court was whether there was anything in the petition for declaratory judgment which could have been presented to the court in the habeas corpus proceeding. The trial court held not. We agree.

■■ The petitioner for declaratory relief pleaded and brought up the record in the previous habeas corpus proceedings. From the judgment therein entered no appeal was taken. It is said a dismissal of a petition or a preliminary writ for habeas corpus is not res judicata in a subsequent proceeding. The

counter to such a proposition is that the grant or dismissal of a petition for declaratory judgment is within the discretion of the judge. Upon this ground there would be no basis for us to interfere with the adjudication of the District Court. Moreover, in view of the record, this Court entirely approves of the dismissal.

But there is reason to doubt the application of the rule that res judicata does not apply to habeas corpus proceedings in which a review has been had under the Administrative Procedure Act of the record before agents of the Immigration and Naturalization Service. Furthermore, if a petition for declaratory relief is brought under that statute, we are of opinion that the trial court must try the issue as of right.

As the District Court pointed out, the pertinent section of this statute reads as follows:

> "The form of proceeding for judicial review shall be * * * any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus) in any court of competent jurisdiction." 5 U.S.C.A. § 1009(b).

If any proceeding of whatever character be brought for review under this statute, the action would be of right and the judgment binding as to that proceeding, as to all parties, as to the particular administrative order.

■ For the purposes of clarity, we point out that we do not hold under the present law that habeas corpus is the exclusive remedy from an administrative order of deportation or that under all circumstances the grant or denial of habeas corpus is a bar to relief. We agree likewise that judicial review, by appropriate proceeding otherwise than by habeas corpus, is permitted against an order of deportation. However, in most cases the other remedy would be pursued in lieu of habeas corpus prior to the time the authorities have taken possession of the body of the alien. However, it is not our purpose to prescribe judicial limitations for any putative remedy.

■ In habeas corpus, true res judicata does not apply. But even there, if a ground for relief were withheld in the first petition without excuse, after denial a second petition could be dismissed. In Wong Doo v. United States, 265 U.S. 239, 241, 44 S.Ct. 524, 525, 68 L.Ed. 999, it is said:

> "* * * it plainly appears that the situation was one where, according to a sound judicial discretion, controlling weight must have been given to the prior refusal. The only ground on which the order for deportation was assailed in the second petition had been set up in the first petition. The petitioner had full opportunity to offer proof of it at the hearing on the first petition; and, if he was intending to rely on that ground, good faith required that he produce the proof then. To reserve the proof for use in attempting to support a later petition, if the first failed, was to make an abusive use of the writ of habeas corpus."

■ A second petition in habeas corpus may be dismissed if the same grounds are set up as in the first petition which has been denied.

In Lapides v. Clark, 85 U.S.App.D.C. 101, 176 F.2d 619, 621, certiorari denied 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527, the court refused to hear the same substance in a declaratory judgment proceeding which had been previously adjudicated on a petition for habeas corpus. The complaint for declaratory relief was dismissed. It was there said:

> "We wonder what justification there can be for this additional and needless litigation with all its trouble, expense and delay, which the law so much abhors."

■ It has been objected that the scope of review in habeas corpus is much more circumscribed than that which must be accorded upon declaratory petition. That may well be in the majority of cases. We find nothing in the statutes, and nothing in decisions has been

called to our attention which permits cumulative remedies by habeas corpus and declaratory petition, respectively or in reverse order, against the same order of deportation or the same proceedings upon which it is based.

█ The Immigration and Nationality Act of 1952, 8 U.S.C.A. 1101 et seq. set up legislative standards for the conduct of hearings culminating in orders of deportation. The character of the evidence which must support the order was precisely prescribed thereby. Any deviation from such standards could be attacked by either of the forms of review mentioned above. Furthermore, any lack of due process, violation of fundamental rights or any form of unfairness or partiality could be attacked by either, alternately but not in most instances successively. Not only do we believe this conclusion follows from the provision of the Administrative Procedure Act, above quoted, but because of the tenor of other sections thereof. Since these requirements as to the conduct of a hearing and the order for deportation are prescribed in the basic statute relating specifically to these matters, it would hardly seem possible that a higher standard would be required by an existing procedural statute of review as to an order of deportation.

The substance of the review is set by these sections of the Immigration Act. Whatever the procedural vehicle, the quality and limitations of the examination and the review are thus prescribed. In United States ex rel. Brzovich v. Holton, 2 Cir., 222 F.2d 840, 841, the petition was for a writ of habeas corpus and, in the alternative, for review under the Administrative Procedure Act. The court refused to be concerned about the double aspect of the petition, saying:

"And we think that our scope of review is the same, irrespective of which procedure is employed."

In a similar situation, the question whether an exclusion order must be challenged by habeas corpus or if it might be reviewed in a declaratory judgment action under § 10 of the Administrative Procedure Act was answered by the court in Brownell v. Tom We Shung, 352 U.S. 180, 77 S.Ct. 252, 254, 1 L.Ed.2d 225, that either form was available, saying:

"We conclude that either remedy is available in seeking review of such orders."

In discussing the matter, it is further said, 352 U.S. at page 183, 77 S.Ct. at page 255, that, where the alien is not in custody:

"It does not follow that the absence of this condition [custody] would enlarge the permissible scope of review traditionally permitted in exclusion cases. The substantive law governing such actions would remain the rule of decision on the merits but the form of action would be by declaratory judgment rather than habeas corpus."

The Immigration Act is a specific statute, passed for a special purpose. It therefore will prevail for a particular proceeding of the type which it controls. But, if the standards of the Administrative Procedure Act should control, it is difficult to discern wherein petitioner here could possibly have a broader review than that which has already been afforded to him in the habeas corpus proceedings.

Cruz-Sanchez had a complete review in habeas corpus. The trial court there made all the essential findings required by either the Administrative Procedure Act or the Immigration Act, either in the standards of review of evidence, due process or in other fields. In the declaratory petition, Cruz-Sanchez set up nothing which had not been passed upon already. There is a further guarantee of the conclusiveness of the first judgment. No subsequent events had changed the situation, since the declaratory petition was filed the day the judgment in habeas corpus was entered. Furthermore, no excuse is alleged for failure to set up all grounds for relief in the habeas corpus proceedings. These latter matters are not necessary to support the position taken by the trial court. Mention of them is only made because of the fact that appellant has gained an inordinate

amount of time by an appeal to this Court in which there is no merit.

Affirmed.

STEPHENS, Circuit Judge.

I dissent.

I base my dissent upon the belief that the review scope of habeas corpus is not the same as that of a declaratory judgment action in deportation and exclusion cases and that the relief accorded in such cases is not exactly the same as that of the other.

It seems to me that the real bases of District Judge Byrnes' action in the instant case and, as well, that of the majority upon the appeal is, that once detention of the alien by the immigration authorities is tested by habeas corpus, the judgment is res judicata, as against any other proceeding touching not only the validity of the detention but also the validity of the whole proceeding under the immigration act. I am not in accord with this conclusion. It is true that Brownell v. Tom We Shung, 352 U. S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225, tends toward such conclusion, but I do not find it decisive on the point; and I think a close analysis of the relevant statutes leads the other way.