Jose Francisco NUNES, Petitioner–
Appellant,

v.

John ASHCROFT, United
States Attorney General,
Respondent–Appellee.

No. 02–55613.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2003.*

Filed Nov. 3, 2003.

---

* The panel finds this case appropriate for sub-
mission without oral argument pursuant to
Federal Rule of Appellate Procedure 34(a)(2).

Sylvia Baiz, San Diego, CA, for the petitioner-appellant.

Marion E. Guyton, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for the respondent-appellee.

Before: RYMER and TALLMAN, Circuit Judges, and LEIGHTON,** District Judge.

## OPINION

LEIGHTON, District Judge.

Jose Francisco Nunes appeals the district court's denial of his motion for reconsideration. We conclude that the district court did not abuse its discretion in denying the motion because Nunes did not present new evidence, identify a change in controlling law, or identify any clear error. Furthermore, the district court did not abuse its discretion when it failed to treat Nunes' motion as a request for leave to amend his habeas petition. The amendment requested asserts that Nunes should not be removed from the U.S. because his state burglary conviction does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). This amendment would be futile. The doctrine of res judicata

** Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

precludes this court from reviewing Nunes' status as an aggravated felon because this court already made that determination in a previous review when it dismissed Nunes' claim for lack of jurisdiction. Accordingly, we affirm the district court's denial of Nunes' motion for reconsideration.

## I.

Jose Francisco Nunes is a 38 year-old native and citizen of Portugal who immigrated to the United States in 1973. In 1998, Nunes was convicted of first degree burglary in violation of California Penal Code § 459, for which he was sentenced to confinement for four years, eight months. As a result of this conviction, the Immigration and Naturalization Service (INS) served Nunes a notice to appear charging him with removability under the Immigration and Naturalization Act § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony as defined by INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G).

At the removal hearing, the immigration judge (IJ) concluded that Nunes' conviction constituted an aggravated felony and ordered him removed. Nunes appealed the removal order to the Board of Immigration Appeals (BIA), arguing that he did not commit a crime of violence and therefore did not commit an aggravated felony. The BIA affirmed the IJ's decision that Nunes was removable, finding that Nunes had been convicted of an aggravated felony because he committed a burglary or theft offense under § 101(a)(43)(G). Nunes appealed to this Court, but we dismissed the appeal for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C).

Nunes then sought habeas review of his removal order in federal district court, arguing once again that he is not an aggravated felon. The district court denied the habeas petition for "failure to state a claim," finding that Nunes' conviction for first degree burglary constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). The district court also denied Nunes' motion for reconsideration, holding that Nunes had failed to introduce new evidence, show clear error, or identify a change in controlling law.

Nunes now appeals the district court's denial of his motion for reconsideration.

## II.

The issue before us is whether the district court improperly denied appellant Nunes' motion for reconsideration of its dismissal of his habeas petition. We have jurisdiction under 28 U.S.C § 2253 to review all appeals of final orders in habeas corpus proceedings. We review for abuse of discretion the denial of a motion for reconsideration. *Parkinson v. Commissioner*, 647 F.2d 875, 876 (9th Cir.1981). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied,* 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994).

In his motion for reconsideration, Nunes reasserted that his burglary conviction under California Penal Code § 459 does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). He also argued for the first time that his state conviction fatally failed to specifically charge him with having committed an "unlawful entry" in conjunction with the burglary. Therefore, Nunes argues, his conviction does not meet the generic definition of a burglary offense, and thus does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(G).[1]

---

1. *See Taylor v. U.S.*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (holding

■ The district court denied the motion, holding that Nunes failed to satisfy any of the factors we identified in *ACandS.* We agree with this conclusion. Nunes' motion merely reasserts his original contention that he is not an aggravated felon; it fails to present any new evidence, to identify a change in controlling law, or to identify any clear error.

■ However, Nunes argues in the instant appeal that the district court abused its discretion on other grounds; specifically, Nunes contends that the district court erred when it failed to treat his motion for reconsideration as a request for leave to amend his habeas petition. This contention is meritless.

We have held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir.1995) *(citation omitted).* We have "repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) *(en banc)* *(quoting Noll v. Carlson*, 809 F.2d 1446 (9th Cir.1987)). · Nevertheless, we have noted that a district court does not "abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop

his contentions originally.'" *Vincent v. Trend Western Tech. Corp.*, 828 F.2d 563, 570–571 (9th Cir.1987) *(quoting Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir.1982)). In *Vincent*, we also cautioned against transforming "the court of appeals into a court of first instance by forcing it to make the initial determination as to whether the new theory would survive a motion to dismiss." *Id.* at 570.

■ In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Futility alone can justify the denial of a motion for leave to amend. *Id.*

Here, Nunes argues, as he has since appealing the IJ's decision to the BIA, that his burglary conviction does not constitute an aggravated felony under § 1101(a)(43)(G). The government responds that we have already determined that Nunes' conviction constituted an aggravated felony when we dismissed his appeal of the BIA's decision, and that therefore res judicata precludes further judicial review of that claim. Accordingly, it argues that even if the district court had treated Nunes' motion for reconsideration as a request for leave to amend, that amendment should be denied because the doctrine of res judicata renders it futile.[2] We agree.

---

that a state conviction constitutes an aggravated felony for purposes of sentence enhancement where the offense charged satisfies the generic definition of the crime); *U.S. v. Velasco–Medina*, 305 F.3d 839, 851 (9th Cir.2002) (holding that a conviction under a state statute justifies treating the offense as an aggravated felony where (continued) the stat-

ute accords with the generic definition of the offense).

**2.** Appellant's motion suffers several other infirmities as well. First, the only detail differentiating Nunes' new claim on reconsideration from the petition denied by the district court is the added element of "unlawful entry." Nunes has not explained why he failed

The doctrine of res judicata provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action. *See In re Imperial Corp. of America,* 92 F.3d 1503, 1506 (9th Cir.1996). As long as the parties have had a full and fair opportunity to litigate, "[t]he judgment prevents litigation of all grounds and defenses that were or could have been raised in the action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). *See also Montana v. U.S.,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Here, the question is whether our dismissal of Nunes' appeal of the BIA's decision constitutes an adjudication of his ongoing claim that he has not committed an aggravated felony, so that raising it again would be an improper attempt at a second bite of the apple. When Nunes petitioned us for direct review of his removal order, we dismissed for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C).[3] In ruling that we lacked jurisdiction, we were required to first determine whether Nunes' burglary offense qualified as a jurisdiction-stripping aggravated felony. *See, e.g., Randhawa v.*

*Ashcroft,* 298 F.3d 1148, 1152 (9th Cir. 2002) (noting that therefore the "jurisdictional question and the merits collapse into one.") *(quoting Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000)). In dismissing Nunes' appeal, we necessarily determined that his burglary conviction constituted an aggravated felony under § 1101(a)(43)—the very finding Nunes challenged in his habeas petition and raises again in the instant appeal.

Clearly, we have already decided the issue against him. Nunes received a final judgment on the merits, he raises the same claim here as he did on direct review to us from the BIA, and he has been given a full and fair opportunity to litigate the claim. Accordingly, even if the district court did treat Nunes' motion to reconsider as a request for leave to amend, the request would necessarily have been denied as futile.[4]

It should be noted that our dismissal of Nunes' appeal on direct review does not by itself render habeas review unavailable to Nunes. It is well-established in this circuit that the statutory habeas remedy available under 28 U.S.C.

---

to develop this contention below. Furthermore, the fact that the record before us does not include the judicially noticeable documents from which we could determine the merit of Nunes' new argument—the very documents that would have been available had Nunes raised this claim below—counsels us to heed our own advice in *Vincent* warning us against turning an appellate court into a court of first instance. Moreover, Nunes has introduced no new facts, and does not argue that the district court's decision hinged upon pleading technicalities readily corrected by amendment.

3. 8 U.S.C. § 1252(a)(2)(C) reads, in pertinent part: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having

committed" an aggravated felony. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). *See also Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000).

4. Nunes claims that res judicata is inapplicable here, arguing that his due process claim that he was unconstitutionally prevented from applying for a Cancellation of Removal was never adjudicated. This argument is without merit. In fact, his due process claims have indeed been fully litigated. Nunes was ineligible for a Cancellation of Removal precisely because the IJ (as well as the BIA and this Court) determined he had been convicted of an aggravated felony. Nunes has been adjudged an aggravated felon and that adjudication has been affirmed by both the BIA and this Court. Accordingly, Nunes' due process rights have been fully honored.

§ 2241 survived the jurisdiction-stripping provisions of IIRIRA. *Cruz–Aguilera v. INS,* 245 F.3d 1070, 1073 (9th Cir.2001); *see also Chang v. INS,* 307 F.3d 1185, 1188 (9th Cir.2002).[5] However, the mere availability of habeas review cannot breathe new life into a claim that has already been adjudicated by this Court on direct review: the preclusive effect of res judicata is not enervated by the specter of habeas review.

### III.

The district court did not abuse its discretion when it denied Nunes' motion for reconsideration. Nunes failed to introduce new evidence, show a change in controlling law, or show that the district court committed clear error when it dismissed his habeas petition. Furthermore, his argument that the district court abused its discretion when it failed to treat his motion for reconsideration as a request for leave to amend his habeas petition fails because such amendment would have been futile.

AFFIRMED.

---

**5.** In *Chang,* we commented in a footnote that our dismissal of an appeal on direct review does not foreclose the availability of habeas review in a district court. *Chang,* 307 F.3d at 1188 & n. 1. However, *Chang* should not be read to stand for the proposition that an appellant may raise in a habeas petition a claim that has already been adjudicated by this Court on direct review. Such a claim would necessarily be barred, as it is in the instant case, by res judicata.

