**Delfino ACEVEDO–CARRANZA, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General, Respondent–Appellee.**

No. 03–55822.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Filed June 7, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Murray D. Hilts, San Diego, CA, for the petitioner-appellant.

Carol C. Lam, U.S. Attorney, Samuel W. Bettwy, Assistant U.S. Attorney, United States Attorney's Office, San Diego, CA, for the respondent-appellee.

Before HALL, TROTT, and CALLAHAN, Circuit Judges.

CALLAHAN, Circuit Judge:

Delfino Acevedo–Carranza, a native of Mexico, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. This court has jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because the district court correctly determined that Acevedo–Carranza's habeas petition raised an issue for which he had not exhausted his judicial remedies, we affirm.

## I.  Factual and Procedural Background

Acevedo–Carranza entered the United States in 1976 and became a lawful permanent resident in 1990. On September 26, 1997, he was convicted of violating California Health and Safety Code § 11351, which prohibits the possession for sale of heroin. On March 6, 1998, he received a "Notice to Appear" charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), which states, "Any alien who is convicted of an aggravated felony at any time after admission is deportable."

On October 2, 1998, Acevedo–Carranza appeared before an immigration judge ("IJ"), who found Acevedo–Carranza to be removable as an aggravated felon. The IJ also rejected Acevedo–Carranza's motion to apply for waiver of inadmissibility under former INA § 212(C), previously codified at 8 U.S.C. § 1182(C), and determined

that he was ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b.[1] Acevedo–Carranza appealed to the Board of Immigration Appeals ("BIA"), which summarily affirmed the IJ on September 30, 2002. In October, 2002, Acevedo–Carranza filed a motion to reconsider, which the BIA denied on December 20, 2002.

Acevedo–Carranza filed a petition for a writ of habeas corpus and a stay of deportation in the district court on Wednesday, January 22, 2003. He contended that the BIA erred in finding that he was removable as an aggravated felon. On April 22, 2003, the court dismissed the petition for a writ of habeas corpus on the ground that Acevedo–Carranza had not exhausted his judicial remedies. Specifically, the district court held that the determination of whether Acevedo–Carranza's past drug conviction qualified as an aggravated felony was an "argument appropriate for the Ninth Circuit, but not for habeas review by this court." Acevedo–Carranza appeals the district court's decision to this court. He contends that the district court erred when it dismissed his habeas petition and that it should have reached the merits of whether he was an aggravated felon.

## II. Analysis

### A. Exhaustion of Remedies

The district court determined that Acevedo–Carranza had not exhausted his judicial remedies. Specifically, the court held that Acevedo–Carranza should have sought review of his status as an aggravated felon through a direct petition for re-

view to this court, prior to filing his habeas petition.

■ The statute under which Acevedo–Carranza filed his habeas petition, 28 U.S.C. § 2241, "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001).[2] Nonetheless, "we require, as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241." *Id.*

■ Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed ... remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (citation and internal quotation marks omitted). Exhaustion can be either statutorily or judicially required. If exhaustion is statutory, it may be a mandatory requirement that is jurisdictional. *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir.1991). If, however, exhaustion is a prudential requirement, a court has discretion to waive the requirement. *Stratman v. Watt*, 656 F.2d 1321, 1325–26 (9th Cir.1981).

■ Acevedo–Carranza contends that the district court erred in dismissing his habeas petition for failure to exhaust judicial remedies because it would have been futile for him to seek review before this court because we would have lacked jurisdiction to consider the petition. Exhaustion of remedies is not required when re-

---

**1.** Cancellation of removal is discretionary relief that the Attorney General may grant to aliens who are lawful permanent residents who have been lawfully admitted for permanent residence for not less than five years, have resided in the United States continuous-

ly for not less than seven years, and are not aggravated felons. 8 U.S.C. § 1229b(a).

**2.** By contrast, 8 U.S.C. § 1252 requires persons contesting removal orders to exhaust all administrative remedies before seeking judicial review.

sort to such remedies would be futile. *See Castillo–Villagra v. INS,* 972 F.2d 1017, 1024 (9th Cir.1992); *El Rescate Legal Servs., Inc.,* 959 F.2d at 746.

Under 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction to review a final order of removal against an alien who is removable because he or she is an aggravated felon. We retain jurisdiction, however, to determine our jurisdiction, which includes deciding whether Acevedo–Carranza, as a threshold matter, meets the statutory definition of an aggravated felon. *Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir. 2000) (holding that "[to the extent that] we have jurisdiction to determine our own jurisdiction, the jurisdictional question and the merits collapse into one") (internal citation omitted). Thus, a timely petition to this court by Acevedo–Carranza raising the issue of whether he was an aggravated felon would not have been futile. Accordingly, the district court correctly held that Acevedo–Carranza failed to exhaust his judicial remedies prior to filing a petition for habeas review.[3]

## B. Transfer Under 28 U.S.C. § 1631

"In cases such as these, where the claims could have been brought in this court in the first instance, Congress has provided a jurisdiction-saving tool that permits us to transfer the cases to this court and consider the petitions as though they had never been filed in the district court." *Castro–Cortez,* 239 F.3d at 1046; 28 U.S.C. § 1631.

This court has authority to transfer a case to itself if: (1) the court would have been able to exercise jurisdiction on the date that it was filed in the district court; (2) the district court lacked jurisdiction over the case; and (3) the transfer is in the interests of justice. *Castro–Cortez,* 239 F.3d at 1046; *Taniguchi v. Schultz,* 303 F.3d 950, 956 (9th Cir.2002).

A petition for review by Acevedo–Carranza would not have been timely in this court on the date that he filed his habeas petition in the district court. We therefore lack authority to transfer the case. Under 8 U.S.C. § 1252(b)(1), a petition for review "must be filed not later than 30 days after the date of the final order of removal." Acevedo–Carranza filed his habeas petition in the district court on Wednesday, January 22, 2003. The BIA affirmed Acevedo–Carranza's removability on September 30, 2002, and denied his motion to reconsider on December 20, 2002. Thus, the 30–day deadline for filing a petition for review in this court

---

3. Acevedo–Carranza does not advance any other basis for waiving the exhaustion requirement. In *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 n. 4 (9th Cir.1981), we noted "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." In *Laing v. Ashcroft,* 370 F.3d 994 (9th Cir.2004), we held that the same concerns apply to the exhaustion of judicial remedies. Here, Acevedo–Carranza contends that his petition should not have been dismissed because exhaustion would violate his rights under the due process and suspension clauses. The relevant case law implicitly rejects this position. This court has held that exhaustion is generally required, unless a person is able to raise an independent constitutional challenge that is colorable and would render the exhaustion requirement unfair or futile. *See Anderson v. Babbitt,* 230 F.3d 1158, 1161 (9th Cir.2000) ("We hold that the exhaustion requirements ... do not bar a district court from considering a colorable due process challenge.... We affirm because we conclude that Anderson has failed to make a showing of either a colorable constitutional claim or futility of administrative exhaustion.").

expired on January 21, 2003, and this court would not have had jurisdiction to consider a petition filed on January 22, 2003.[4]  *See Stone v. INS*, 514 U.S. 386, 389–90, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996) (holding that the filing of a motion for reconsideration does not toll the filing period for review of a final order of removal).  Therefore, this case does not satisfy the statutory requirements for transfer.

## III.  Conclusion

The district court correctly determined that Acevedo–Carranza failed to exhaust his judicial remedies for the claim set forth in his habeas petition.  In addition, this court lacks authority to cure the defect by transferring the case to itself.  Accordingly, we affirm the district court's dismissal of Acevedo–Carranza's petition for habeas review.

**AFFIRMED.**

---

4.  The district court was closed on Monday, January 20, 2003, for Martin Luther King, Jr. Day.

