Jose Francisco NUNES, Petitioner–Appellant,

v.

**John ASHCROFT, United States Attorney General, Respondent–Appellee.**

No. 02–55613.

United States Court of Appeals, Ninth Circuit.

July 8, 2004.

Sylvia Baiz, San Diego, CA, for Petitioner–Appellant.

---

Donald E. Keener, Michelle E. Gorden, Attorney, Washington, DC, for Respondent–Appellee.

Before: RYMER and TALLMAN, Circuit Judges, and LEIGHTON,* District Judge.

Order: Dissent by Judge TASHIMA; Dissent by Judge REINHARDT

## ORDER AND DISSENTS DENYING REHEARING EN BANC

### ORDER

The opinion filed November 3, 2003, and appearing at 348 F.3d 815 (9th Cir.2003), is amended by the opinion filed simultaneously with this order.

With these amendments, the panel has voted to deny the petition for rehearing. Judges Rymer and Tallman have voted to deny the petition for rehearing en banc and Judge Leighton so recommends.

The full court was advised of the petition for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R.App. P. 35.

The petition for rehearing and petition for rehearing en banc are DENIED.

TASHIMA, Circuit Judge, joined by PREGERSON, REINHARDT, HAWKINS, THOMAS, McKEOWN, WARDLAW, W. FLETCHER, FISHER, GOULD, PAEZ and BERZON, Circuit Judges, dissenting from the denial of rehearing en banc:

I regret that a majority of the active judges of this Court did not vote to rehear

this case en banc, and respectfully dissent from that decision. In its original opinion, 348 F.3d 815, the panel held that an immigration petition for habeas corpus was barred by res judicata because, in the course of the petitioner exhausting his direct review remedies, a motions panel implicitly found that he had committed an aggravated felony. That holding, that res judicata applies to immigration habeas cases, was directly contrary to longstanding, binding precedent. *See Wong Doo v. United States,* 265 U.S. 239, 240–41, 44 S.Ct. 524, 68 L.Ed. 999 (1924); *Cruz–Sanchez v. Robinson,* 249 F.2d 771, 774 (9th Cir.1957). Although the panel has now amended its opinion to rely on issue preclusion rather than claim preclusion, this change does not cure the fundamental flaw in the opinion.

Moreover, the combined effect of the panel's novel application of issue preclusion and our prudential exhaustion requirements will all but eliminate habeas review in immigration cases. That is, an alien may not raise a claim on habeas corpus unless he or she has exhausted it in a petition for review, but the very act of exhausting the claim will generally bar habeas review under the panel's rule of issue preclusion, even though the petition for review was dismissed for lack of jurisdiction. Because of the great number of immigration cases we hear and the strictures placed on direct judicial review of those cases by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, 110 Stat. 3009, *as amended by* Act of Oct. 11, 1996, Pub.

* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

L. 104–302, 110 Stat. 3656 (1996), the additional limitation imposed by the panel on habeas review makes this issue one of exceptional importance, Fed. R.App. P. 35(a)(2), and thus deserving of en banc review.

# I

Jose Francisco Nunes is a native and citizen of Portugal. After a removal hearing at which he represented himself, an Immigration Judge ("IJ") ordered Nunes removed to Portugal on the ground that he had been convicted of an aggravated felony, namely, first-degree burglary under California Penal Code § 459. On appeal to the Board of Immigration Appeals, Nunes argued (again without the assistance of counsel) that he had not committed an aggravated felony, because burglary was not a crime of violence. The Board affirmed the IJ's decision on the ground that Nunes had committed a burglary or theft offense, which qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G).

Nunes, while in INS custody, then filed a *pro se* petition for review in this court. A motions panel dismissed the petition for lack of jurisdiction in a one-page order. The panel gave no explanation for its dismissal, other than to cite 8 U.S.C. § 1252(a)(2)(C), *Flores–Miramontes v. INS*, 212 F.3d 1133 (9th Cir.2000), and *Aragon–Ayon v. INS*, 206 F.3d 847 (9th Cir.2000).

Still in detention, Nunes filed a *pro se* petition for a writ of habeas corpus in the United States District Court for the Southern District of California. He contended that the IJ's order was manifestly contrary to federal law, because his crime did not constitute an aggravated felony. The district court *sua sponte* dismissed Nunes' petition pursuant to the Prison Litigation Reform Act's screening provision, codified at 28 U.S.C. § 1915A, concluding in a 14-line order that he had failed to state a claim and that his argument was frivolous.

In a motion for reconsideration, Nunes argued that his burglary conviction does not constitute an aggravated felony under the categorical approach that we adopted in *Ye v. INS*, 214 F.3d 1128, 1132 (9th Cir.2000), because he was not charged with (and California law does not require) illegal entry. The district court denied the motion for reconsideration on the grounds that Nunes had "fail[ed] to present new evidence, to identify a change in controlling law, or to identify any clear error."

On appeal to this court, Nunes challenged the district court's denial of his motion for reconsideration. The panel held that the district court did not abuse its discretion in denying the motion for reconsideration, because in the motion Nunes had not identified newly-discovered evidence, clear error or manifest injustice in the initial decision, or an intervening change in controlling law. Yet, the district court had dismissed Nunes' petition *on the pleadings* for failure to state a claim at the initial screening stage, so faulting him for failing to produce newly-discovered evidence or intervening case law is unfair when he did not have a full opportunity to present his arguments in the first place.[1] Moreover, regarding the clear error prong, "[t]his Court has 'previously and unequivo-

---

1. Indeed, Nunes' petition was on a check-a-box form used in the Southern District of California, and the form specifically instructed him to "[s]tate *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States." *See also* 28 U.S.C. § 2242 (providing that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

cally held that California Penal Code section 459 is far too sweeping to satisfy the *Taylor* definition of generic burglary.' " *United States v. Velasco–Medina,* 305 F.3d 839, 851 (9th Cir.2002) (quoting *United States v. Franklin,* 235 F.3d 1165, 1169 (9th Cir.2000)), *cert. denied,* —— U.S. ——, 124 S.Ct. 1488, 158 L.Ed.2d 136 (2004).

Alternatively, Nunes argued that the district court should have treated his motion for reconsideration as a motion for leave to amend his habeas petition. The panel recognized that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995) (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.,* 911 F.2d 242, 247 (9th Cir.1990)). The panel also recognized that under Federal Rule of Civil Procedure 15, leave to amend should be freely granted, and that "we have repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.' " *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987)).

Nevertheless, despite our rules favoring the liberal construction of *pro se* pleadings, *see Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988), the panel held that it would have been futile for the district court to grant leave to amend. It based this conclusion on the premise that res judicata precluded Nunes from relitigating in a habeas proceeding the aggravated nature of his felony, because a motions panel had implicitly decided that issue in dismissing his petition for review. In its amended opinion, the panel reaches the same conclusion by relying on issue preclusion, rather than claim preclusion. As stated, the panel's holding is contrary to controlling Supreme Court and Circuit precedent and will further restrict judicial review of immigration decisions even beyond the recently enacted jurisdiction-stripping statutes.

## II

The panel holds that, although the jurisdiction-stripping provisions do not apply to habeas petitions, the dismissal of Nunes' petition for review on jurisdictional grounds precludes him from challenging the aggravated nature of his felony conviction on habeas.

The panel's reasoning turns on the fact that, before dismissing a petition for review for lack of jurisdiction, the court must examine the merits of the claim. *See Ye,* 214 F.3d at 1131 ("Because the issue in this appeal is whether Ye committed an aggravated felony, and because we have jurisdiction to determine our own jurisdiction, the jurisdictional question and the merits collapse into one." (citation omitted)). The panel states that "when we decided that jurisdiction was lacking, we necessarily determined that Nunes' burglary conviction constituted an aggravated felony under § 1101(a)(43)—the very finding Nunes challenges in his habeas petition and raises again on appeal." Slip op. at 9043.

Even as amended, however, the panel opinion is wrong and contrary to binding precedent in treating dismissals of petitions for review for lack of jurisdiction as barring further litigation of the same claims on habeas. First, strict res judicata does not apply in habeas proceedings. *See Schlup v. Delo,* 513 U.S. 298, 319, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) ("This Court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata.");

*Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 537 (9th Cir.1998) (en banc) (rejecting the use of res judicata in a habeas proceeding "because it contravenes the longstanding rule that res judicata has no application.in habeas corpus"), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202, 205–06, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003); *Clifton v. Attorney Gen.*, 997 F.2d 660, 663 n. 3 (9th Cir.1993) ("We recognize that, because 'conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged,' the inapplicability of res judicata to habeas is 'inherent in the very role and function of the writ.'" (quoting *Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963))). We recently reiterated this rule in *Phelps v. Alameda*, 366 F.3d 722, 729 n. 7 (9th Cir. 2004).

This binding precedent has specifically been held to apply in the immigration context as well, an "area where administrative decisions can mean the difference between freedom and oppression and, quite possibly, life and death." *Rodriguez–Roman v. INS*, 98 F.3d 416, 432 (9th Cir.1996) (Kozinski, J., concurring). In *Wong Doo*, an alien in custody under an order of deportation filed a petition for a writ of habeas corpus alleging two grounds for relief. 265 U.S. at 239–40, 44 S.Ct. 524. After the district court dismissed the petition, Wong Doo filed a second habeas petition relying solely on the second ground for relief. *Id.* at 240, 44 S.Ct. 524. The district court held that res judicata applied and dismissed the petition, and the Sixth Circuit affirmed. *Id.* The Supreme Court held that the courts below had erred in holding that res judicata precluded Wong Doo's second petition:

> In *Salinger v. Loisel*, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989, just decided we held .that in the federal courts the doctrine of res judicata does not apply to a refusal to discharge a prisoner on habeas corpus but that in those courts, where the prisoner presents a second petition, the weight to be given to the prior refusal is to be determined according to a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the subject. *It therefore must be held that in this case the courts below erred in applying the inflexible doctrine of res judicata.*

*Id.* at 240–41, 44 S.Ct. 524 (emphasis added); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 n. 4, 74 S.Ct. 499, 98 L.Ed. 681 (1954) (noting that res judicata does not apply to immigration habeas proceedings); *Cruz–Sanchez*, 249 F.2d at 774 (holding that although "[i]n habeas corpus, true res judicata does not apply," a petition for declaratory relief following an earlier habeas petition may be dismissed as a matter of discretion); *cf. Lema v. INS*, 341 F.3d 853, 857 n. 9 (9th Cir.2003) (noting that second and successive habeas petitions are permissible in the immigration context). In its amended opinion, the panel attempts to sidestep this precedent by relying on issue preclusion rather than claim preclusion. When the Supreme Court established that res judicata does not apply in federal habeas proceedings, however, it was clearly referring to issue preclusion as well as claim preclusion. In *Salinger v. Loisel*, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989 (1924), decided the same day as *Wong Doo*, the Court rejected the application of res judicata in a habeas proceeding where the petitioner sought to litigate the *same issues* in successive proceedings. *See id.* at 230, 44 S.Ct. 519 (noting that "the right to arrest and remove in virtue of the indictment was questioned on the same grounds that were set up in the earlier case in New York, where that right was upheld."). The

Court instead held that on habeas "each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought." *Id.* at 231, 44 S.Ct. 519. The Court concluded that, unlike rules of preclusion, "the rules we here have outlined will accord to the writ of habeas corpus its recognized status as a privileged writ of freedom, and yet make against an abusive use of it." *Id.* at 232, 44 S.Ct. 519.

In *Wong Doo,* the Court specifically relied on *Salinger* in holding that res judicata did not apply to immigration habeas proceedings. 265 U.S. at 240, 44 S.Ct. 524. Moreover, as in *Salinger,* the petitioner in *Wong Doo* raised the same issue in his second proceeding as he had raised in his first. *See id.* at 241, 44 S.Ct. 524 (noting that "[t]he only ground on which the order of deportation was assailed in the second petition had been set up in the first petition"). Nevertheless, despite the fact that the issue was necessarily presented and decided in the first proceeding, the Court held that "the courts below erred in applying the inflexible doctrine of res judicata." *Id.*

Our own precedent is no different. Although in *Cruz–Sanchez* we stated that "[i]n habeas corpus, true res judicata does not apply," 249 F.2d at 774, we made clear that we were referring to claim preclusion *and* issue preclusion. *See id.* at 774, 775 (holding that "[a] second petition in habeas corpus *may* be dismissed if the same grounds are set up as in the first petition which has been denied" and noting that "Cruz–Sanchez set up nothing which had not been passed upon already") (emphasis added).

Moreover and importantly, although the modern trend is to limit the use of the term "res judicata" to refer only to claim preclusion, at the time *Salinger, Wong Doo,* and *Cruz–Sanchez* were decided, both the doctrine and the term "res judicata" were commonly understood to encompass *both* claim preclusion and issue preclusion:

> The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." See Restatement (Second) of Judgments, Introductory Note before ch. 3 (1982); 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4402 (1981). Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion."

*Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

For these reasons, the panel's cosmetic change, to rely on issue preclusion rather than claim preclusion, does not change the fact that its decision conflicts with binding precedent. It has long been established that principles of preclusion, whether res judicata or collateral estoppel, have no place when life or liberty is at stake. *See Schlup,* 513 U.S. at 319, 115 S.Ct. 851 (holding that "the equitable nature of habeas corpus [precludes] application of strict rules of res judicata"). Rather, "[t]he very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Harris v. Nelson,* 394 U.S. 286, 291, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969).

In addition, although the panel says it is relying on issue preclusion rather than res

judicata, the effect of its decision will clearly be claim-preclusive. That is, under *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 879–80 (9th Cir.2003), aliens must exhaust issues on direct review before raising the issues on habeas, but the amended opinion will preclude them from relitigating those issues on habeas. Thus, as with claim preclusion, whether or not an alien raises claims on direct review, he or she will in most instances be barred from raising them on habeas.

## III

In *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that the jurisdiction-stripping provisions of IIRIRA do not affect the availability of habeas jurisdiction under 28 U.S.C. § 2241. *Id.* at 314, 121 S.Ct. 2271. And in *Calcano–Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001), the Court "agree[d] with petitioners that leaving aliens without a forum for adjudicating[habeas] claims such as those raised in this case would raise serious constitutional questions." *Id.* at 351, 121 S.Ct. 2268. For this reason, the Court construed the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(C) as not precluding petitioners from seeking habeas relief.

Despite the Supreme Court's recognition of the importance of preserving habeas relief in § 2241 cases, the panel's decision will largely foreclose habeas review in the immigration context. As noted earlier, we require as a prudential matter that aliens exhaust all available judicial and administrative remedies, including filing petitions for review, before filing a § 2241 petition. *See Noriega–Lopez*, 335 F.3d at 878–80. In *Castro–Cortez v. INS*, 239 F.3d 1037 (9th Cir.2001), we explained that:

District courts are authorized by 28 U.S.C. § 2241 to consider petitions for habeas corpus. That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Id.* at 1047.

Thus, in our Circuit, an alien facing deportation for having committed an aggravated felony must file a timely petition for review before challenging the aggravated nature of the felony on habeas. *See Laing v. Ashcroft*, 370 F.3d 994, 995, 999–1001 (9th Cir.2004) (holding that failure to file a timely petition for review challenging aggravated nature of felony conviction bars habeas review); *Acevedo–Carranza v. Ashcroft*, 371 F.3d 539, 541–42 (9th Cir. 2004) (same). Giving decisions on petitions for review preclusive effect undercuts the clear thrust of recent Supreme Court decisions that "jurisdiction over constitutional issues and statutory issues is withdrawn from the courts of appeals and that the place to resolve such issues is in the district courts through habeas corpus." *Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1069 (9th Cir.2003). Moreover, given our prudential exhaustion requirement, the panel opinion puts aliens in a proverbial Catch–22—the very act of exhausting bars consideration of the claim on the merits.

The amended panel opinion not only continues to seek to import principles of preclusion into the habeas corpus context, it also mistakenly gives preclusive effect to the decisions of a motions panel, which are not binding even on later merits panels in the same case. *See, e.g., United States v. Houser*, 804 F.2d 565, 567 (9th Cir.1986) (holding that whether a motions panel's decision will be given binding effect by a

later merits panel is "discretionary, not mandatory"). Moreover, the law of the case doctrine does not apply to jurisdictional issues. *See Phelps,* 366 F.3d at 728 n. 6 (noting that motions panel decisions on jurisdictional issues do not bind later merits panels); *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (despite the law of the case doctrine, "[a] merits panel may ... expand the issues for review to include issues that the motions panel specifically rejected"). There is even less reason for the implicit legal determination underlying a motions panel's hurried ruling to be binding on a later habeas panel.

## IV

This is not, of course, to say that aliens must be allowed to litigate the same issue over and over. No one wants to see our resources wasted on needlessly repetitive litigation. The means for dealing with cumulative litigation in the habeas context, however, is not the application of the inflexible principles of res judicata or collateral estoppel, but rather the exercise of a sound judicial discretion embodied in the abuse of the writ doctrine. As Justice Scalia has reminded us,

> [h]abeas jurisdiction extends, we have held, to *federal claims for which an opportunity for full and fair litigation has already been provided in state or federal court,* to procedurally defaulted federal claims, including those over which this Court would have no jurisdiction on direct review, and to federal claims of a state criminal defendant awaiting trial.

But with great power comes great responsibility. Habeas jurisdiction is tempered by the restraints that accompany the exercise of equitable discretion. *Withrow v. Williams,* 507 U.S. 680, 716, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993) (Scalia, J., concurring in part and dissenting in part) (citations omitted) (emphasis added). The panel's invocation of issue preclusion to preclude habeas relief in this case runs clearly contrary to well-established precedent.

Because the amended panel opinion continues to conflict with binding precedent and dramatically constricts the availability of habeas review in immigration cases, I respectfully dissent from the court's failure to take this case en banc.

REINHARDT, Circuit Judge, dissenting from the denial of rehearing en banc:

I fully join in Judge Tashima's eloquent dissent and agree with him about the importance of the issue. As Judge Tashima points out, the panel's opinion, contrary to our own well-established precedent, clear Supreme Court jurisprudence, and the "historical practice,"[1] dramatically constricts the availability of habeas review in immigration cases. In my view, the opinion is not only contrary to well-established precedent but is manifestly unjust.

As a matter of general principle, once we settle a particular legal issue by issuing an en banc decision, or even by determining not to consider a case en banc, we should not revisit that legal issue for at least a reasonable period of time, barring some significant change in the law. *See Nordyke v. King,* 364 F.3d 1025 (9th Cir. 2004) (Kozinski, J., concurring). Occasionally, however, our en banc system does not work perfectly, *see, e.g., Calderon v.*

---

1. *INS v. St. Cyr,* 533 U.S. 289, 305, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) ("[T]o conclude that the writ is no longer available in this context would represent a departure from historical practice in immigration law. The writ of habeas corpus has always been available to review the legality of Executive detention.").

*Thompson,* 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998), and, occasionally, the en banc vote does not reflect the true sentiment of the majority of the court. My impression is that in this case, notwithstanding the recorded vote (under our rules a failure to vote counts as a negative vote), a majority of the judges on the circuit may not agree with, or may seriously question, the panel's opinion.

The Supreme Court should grant certiorari in this matter. If it does not, I believe that this is one of those unusual instances in which this court should not follow our general practice but, instead, should revisit the issue en banc the next time we are presented with an opportunity to do so.